ON APPLICATION FOR REHEARING
In response to matters brought to the attention of the court on motion for rehearing, the court now withdraws its original opinion in this matter and substitutes in lieu thereof the following:
This matter arose from an administrative decision of the State Health Planning and Development Agency.
During November and December 1981, Baptist Medical Centers (BMC), Brookwood Medical Center, Inc. (Brookwood), RMC, Inc. (RMC), St. Vincent's Hospital (St. Vincent's) and The Shelby County Hospital Board, doing business as Shelby Medical Center (SMC), filed separate certificate of need applications for the construction of a hospital in the North Shelby-South Jefferson County, Alabama area. The State Health Planning and Development Agency of Alabama (SHPDA) scheduled these applications for hearing on April 20, 1982. In February 1982, Riverchase Hospital Systems (Riverchase) filed a similar application with SHPDA. Riverchase then brought suit in the Circuit Court of Montgomery County, Alabama, seeking an order requiring SHPDA to review its certificate of need application along with those already submitted. The court directed consolidation for hearing.
After hearing, SHPDA disapproved all of the applications, and a fair hearing officer determined that a review of SHPDA's decision was jurisdictionally improper.
Each of the applicants filed an appeal; St. Vincent's, BMC and Brookwood in the Circuit Court of Jefferson County, Alabama; SMC in the Circuit Court of Shelby County, Alabama; and RMC in the Circuit Court of Montgomery County, Alabama. Riverchase subsequently intervened in St. Vincent's appeal in Jefferson County and also commenced an action in the Circuit Court of Mobile County, Alabama, requesting a court order directing SHPDA to issue a certificate of need to Riverchase, or, in the alternative, to enter an order requiring SHPDA to appear before the court and show cause why the certificate of need should not be issued.
SHPDA thereafter filed a petition to interplead all of the applicants in the appeal of RMC in the Circuit Court of *Page 621 
Montgomery County, Alabama. The petition requested injunctions halting the various pending appeals, together with the case of Riverchase in Mobile, and sought consolidation of them all in the Circuit Court of Montgomery County. The Montgomery County Circuit Court enjoined Riverchase's Mobile suit but denied SHPDA's request for injunctions against the remaining parties. This court also stayed the Circuit Court of Mobile County from proceeding with the show-cause hearing.
SHPDA appealed here from the Montgomery County Circuit Court's denial of the requested injunctions and interpleader. This court ordered stays in all of the appeals, pending our review of SHPDA's appeal. SMC and Riverchase moved to dismiss this appeal, asserting that denial of injunctions is interlocutory and therefore not appealable.
We agree generally that an appeal formerly did not lie from the denial of a preliminary injunction. However, Rule 4 (a)(1), A.R.A.P. permits appeals from certain interlocutory judgments if notice is filed within fourteen days of the date of entry. In any event, in view of the exigency involved in this case as hereinafter discussed, we invoke Rule 2 (b), A.R.A.P., and in order to address the need for consolidation, we treat the appeal as an alternative petition for writ of mandamus. Thomasv. Thomas, 406 So.2d 939 (Ala.Civ.App.), cert. denied,406 So.2d 943 (Ala. 1981).
The issues before us are whether the various actions now pending at circuit court level should be consolidated, and, if so, in which county venue for consolidation is proper. The applicable statute, § 22-21-275 (14), Code of Alabama 1975, provides in pertinent part: "The applicant may appeal the decision to the circuit court of the county in which the applicant is situated." The statute does not provide for our present situation, where two or more applicants appeal to separate circuit courts following an adverse SHPDA decision. No such case has previously arisen.
After oral position presentations, the parties were requested to submit memorandums of law in support of their positions. Brookwood, St. Vincent's, BMC, RMC, SHPDA and SMC recognize that the existing situation is untenable; that SHPDA cannot defend separate appeals from its denial of a certificate of need to multiple applicants who are residents of different counties. Only Riverchase contends for literal application of the statute to each applicant.[1]
It appears evident from the use in the statute of the singular word "applicant" that the legislature did not envision that there would be multiple appeals from the same decision in the circuit courts of different counties. We must presume that the legislature would not intentionally create a scenario which would permit the possibility of conflicting judgments of circuit courts on an appeal from one decision. Ex parte Hayes,405 So.2d 366 (Ala. 1978). The result could be the entry of judgments ordering issuance of certificates of need to more than one applicant in the same location. The judicial chaos likely to result from multiple appeals to different circuit courts would extend to this court through appeals from the judgments of the circuit courts.
After much consideration it is the opinion of this court that applications of the parties in this matter, having been consolidated for hearing before SHPDA on the one issue of determining the need for construction of a hospital in Riverchase community, should continue consolidated for appeal to circuit court.
This matter is clearly sui generis. It arises from a ruling of an administrative *Page 622 
agency of the State of Alabama over which this court has exclusive appellate jurisdiction. § 12-3-10, Code of Alabama 1975. It is our opinion that by authority of § 12-3-11 of the Code this court has general superintendence and control of inferior jurisdiction in matters over which it has exclusive appellate jurisdiction. The court is of the further opinion that it is empowered to issue necessary remedial orders or writs to prevent the judicial disorder which has been hereinbefore stated.
The petition presented by SHPDA in the Montgomery County Circuit Court sought interpleader of all parties claiming right to a certificate of need under Rule 22, A.R.Civ.P.; injunctive relief against the mandamus action brought by Riverchase in Mobile County Circuit Court; declaratory relief from the multiple appeals and relief under the general equity powers of the court. The circuit court issued a preliminary injunction against Riverchase, restraining it from pursuing its action against SHPDA in Mobile County. The court denied injunctions against the remaining parties' continuing their appeals in the various counties where filed. It is from the latter judgment that SHPDA has appealed to this court. There is also pending here a petition for writ of mandamus to be directed to the circuit court of Mobile County prohibiting further action in the case of Riverchase against SHPDA.
With the state of the matter as described in mind, it appears to this court that the solution to the existing dilemma cannot be catalogued specifically under any one rule of joinder or interpleader suggested by any of the parties. It may however be classified as an impossible situation which requires solution.
In consideration of the absence of a controlling statute and under the authority of superintendence granted to it by statute, it is the judgment of this court that the appeals brought by the various parties from the order of SHPDA should be consolidated in one circuit court. It is further the opinion of this court that said consolidation should be heard by the circuit court of Montgomery County. This venue is in accord with the general statute that appeals from rulings of state agencies residing in Montgomery must be brought in Montgomery County Circuit Court. Century 21 Preferred Properties, Inc. v.Alabama Real Estate Commission, 401 So.2d 764 (Ala. 1981).
Therefore, the Circuit Court of Montgomery County is directed to order all defendant parties herein to file in this case, as parties appellant, their appeals from the ruling of SHPDA denying their applications for a certificate of need. Such appeals will be consolidated for hearing by said court in the Circuit Court of Montgomery County in case No. CV-82-1712-T. The parties will be directed to thereafter dismiss their respective appeals pending in other courts.
The motion to dismiss is denied.
The writ of mandamus is granted unless the trial court enters its judgment as directed herein.
WRIT OF MANDAMUS IS GRANTED CONDITIONALLY.
APPLICATION FOR REHEARING IS DENIED.
BRADLEY and HOLMES, JJ., concur.
[1] In viewing this matter it must be kept in mind that the ruling of SHPDA being appealed is an initial step in the procedure of securing approval of the Department of Health to construct a new hospital, or health service facility. The hearing was held solely to determine need for the proposed facility in the Riverchase community of South Jefferson-North Shelby Counties. If a need is determined sufficient, a certificate of need is issued to an applicant. Thereafter it is determined whether the applicant's plan will satisfy the need. § 22-21-275.