This is a petition for a writ of mandamus.
In May 1984, Lloyd Noland Foundation, Inc. (Lloyd Noland), an Alabama non-profit corporation with its principal place of business in Jefferson County, filed an application with the State Health Planning and Development Agency (SHPDA) for a Certificate of Need (CON) to construct the Cahaba Medical Center. In May 1986, a hearing was held before the CON Review Board of SHPDA to determine whether to approve Lloyd Noland's application. Numerous interested entities were present at this hearing to oppose the application, including the following: Bessemer Carraway Medical Center (BCM), Shelby Medical Center, St. Vincent's Hospital (St. Vincent's), Baptist Medical Center, and AMI Brookwood Medical Center (Brookwood).
After the hearing the CON Review Board voted to approve Lloyd Noland's application. Brookwood, as an intervenor, then filed an appeal of the approval of the CON in the Circuit Court of Jefferson County, Bessemer Division. St. Vincent's, Baptist Medical Center, and BCM each filed separate appeals in the Circuit Court of Montgomery County. In June 1986, SHPDA filed a motion in the Jefferson County Circuit Court to transfer Brookwood's appeal to Montgomery County Circuit Court. SHPDA then filed with this court a petition for writ of mandamus to require the Jefferson County Circuit Judge to transfer the pending appeal to Montgomery County on grounds of improper venue. This court withheld a ruling on the petition, pending disposition of the motion to transfer already before the Jefferson County Circuit Court.
In August 1986, all parties were present at a hearing before the Jefferson County Circuit Court. St. Vincent's, Baptist Medical Center, Shelby Medical Center, and BCM all consented to be made parties to Brookwood's pending appeal in Jefferson County and were ordered not to pursue an appeal concerning this matter in any other circuit court. The circuit court then denied SHPDA's motion to transfer.
SHPDA now renews its petition for a writ of mandamus with this court, alleging that the proper venue for Brookwood's appeal is Montgomery County, rather than Jefferson County.
The sole issue before us now is whether the Jefferson County Circuit Court abused its discretion in denying SHPDA's motion to transfer Brookwood's appeal to Montgomery County Circuit Court.
It appears to this court that Brookwood was entitled to appeal SHPDA's decision, pursuant to the Alabama Administrative Procedure Act (AAPA). According to the AAPA's provision for appeal, § 41-22-20, Ala. Code (1975), any person aggrieved by a final decision in a contested case is entitled to judicial review by filing a notice of appeal
 "in the circuit court of Montgomery county or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party (other than an intervenor) resides or if a party *Page 1151 
(other than an intervenor), is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of such registered office or principal place of business within this state."
Ala. Code (1975), § 41-22-20(b).
Therefore, under § 41-22-20(b) it would appear that venue for such an appeal is proper either in Montgomery County, the official residence of SHPDA, or in Jefferson County, the principal place of business of Lloyd Noland. Brookwood was thus entitled to file either in Montgomery County or Jefferson County Circuit Court.
Nevertheless, SHPDA argues that, based upon SHPDA v. BaptistMedical Center, 446 So.2d 619 (Ala.Civ.App. 1983), the proper venue for this appeal is Montgomery County. In SHPDA v. BaptistMedical Center, 446 So.2d 619, numerous applications were disapproved by SHPDA. Each applicant then filed an appeal, pursuant to § 22-21-275(14), Ala. Code (1975), in the following circuit courts: Jefferson County, Shelby County, Montgomery County, and Mobile County. We held that this statute did not provide for the multiple appeals that had occurred in this case, and, therefore, the appeals should be consolidated into one circuit court. This was to avoid the possibility of conflicting judgments of circuit courts on an appeal from one decision. We further ordered that said consolidation should be heard in the Circuit Court of Montgomery County.
In the present case all appeals are now before the Circuit Court of Jefferson County, Bessemer Division. There is no risk here, as there was in SHPDA v. Baptist Medical Center,446 So.2d 619, of inconsistent results. Therefore, the venue provision of § 41-22-20(b), Ala. Code (1975), is applicable here.
SHPDA also cites other cases in support of its argument for change of venue. However, these cases were decided prior to the enactment of the AAPA's provisions controlling in this case. Prior to passage of the AAPA, Alabama courts have held that, as a "general rule," an action against a state agency should be brought in the county of the agency's official residence. However, it is also well established that this "general rule" was inapplicable where, by statute, the legislature had otherwise provided for venue. See Alabama Youth Services Boardv. Ellis, 350 So.2d 405 (Ala. 1977); Boswell v.Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428
(1974). Since the legislature has now expressly provided for venue in this type proceeding, the former "general rule" does not apply.
The AAPA sets out that § 41-22-20(b), Ala. Code (1975), is controlling concerning judicial review except as otherwise provided by law. In the case of Mobile Infirmary Association v.Emfinger, 474 So.2d 731 (Ala.Civ.App. 1985), an applicant for a CON appealed SHPDA's denial of the CON by filing a petition for review in the Montgomery County Circuit Court. Under a specific SHPDA statute, however, appeal from SHPDA's ruling on a CON application can be brought only in the county where the CON applicant resides or is located. Ala. Code (1975), §22-21-275(14). The result was the dismissal of the applicant's
appeal.
In this case, however, we are not dealing with an applicant's appeal. Rather, Brookwood and the other appellants are intervenors opposed to the granting of the CON application by SHPDA. There being no statute providing for non-applicant's appeal of SHPDA's actions, the procedures provided by the AAPA, including venue, are applicable here.
The Jefferson County Circuit Court, therefore, did not abuse its discretion in denying SHPDA's motion to transfer Brookwood's appeal to Montgomery County Circuit Court.
SHPDA requests this court to issue a writ of mandamus, ordering the Jefferson County Judge to transfer this case to Montgomery County Circuit Court. In order for this court to issue such a writ, there must be credible allegations which are ironclad in nature, showing that the judge is bound by *Page 1152 
law to do what SHPDA requests. Segars v. Segars, 333 So.2d 155
(Ala.Civ.App. 1976). In view of the above, SHPDA has failed to do this; therefore, the petition for the writ of mandamus is hereby denied.
PETITION FOR WRIT OF MANDAMUS DENIED.
WRIGHT, P.J., and BRADLEY, J., concur.