This case was brought in the circuit court for collection of the sum of $6,000, interest thereon, and attorney fees. Defendant appeared pro se by answer and general denial. Plaintiff AmSouth moved for summary judgment. The motion was supported by affidavit. The motion was first granted at the call of motion docket when defendant failed to appear or to file opposition. Defendant's subsequent motion to set aside the judgment was granted.
Plaintiff filed another motion and affidavit together with copies of notes executed by defendant McMullin. Defendant filed a counterclaim. He also filed an affidavit in response to plaintiff's motion for summary judgment.
Hearing was held and summary judgment entered in favor of plaintiff for $6,000, interest thereon, and attorney fees, *Page 1384 
all totaling $9,278.63 and costs. Defendant was heard on his motion for reconsideration and to set aside the judgment. After hearing, the judgment for plaintiff was reaffirmed. Defendant's counterclaim was dismissed. Defendant filed notice of appeal.
Defendant has appeared here pro se. Plaintiff has not favored us with a brief. Defendant has filed a document we consider as a brief. It begins with the statement that "The defendant appeals the court's ruling of Summary Judgment for the following reasons." The quoted statement is followed by a litany of allegations, which, if supported by proof, would perhaps have raised a jury question at trial. However, allegation of evidence to this court which does not appear in the record of the proceedings below availeth nothing.
This court considers that the only issue to be determined is whether the summary judgment in favor of plaintiff was improperly granted, applying Rule 56, A.R.Civ.P. We find no error.
The standard for determining whether summary judgment is appropriate has two parts: (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to judgment as a matter of law. Sadie v. Martin, 468 So.2d 162
(Ala. 1985); Osborn v. Johns, 468 So.2d 103 (Ala. 1985). To prevent summary judgment after movant has produced evidence of a prima facie right to judgment as a matter of law, the opposing party must show by admissible evidence the existence of a genuine issue of material fact. Horner v. First NationalBank of Mobile, 473 So.2d 1025 (Ala. 1985). The mere allegation or denial of the claim of the movant in pleadings or affidavit is insufficient and will not prevent entry of judgment. Rule 56, A.R.Civ.P.; Cook v. Northland Ins. Co., 406 So.2d 972
(Ala.Civ.App. 1981); Eason v. Middleton, 398 So.2d 245 (Ala. 1981). The response of nonmovant must set forth specific facts showing that there is a genuine issue of material fact. The affidavit filed by defendant in this case does not meet that criterion. He merely repeats his answer, that he does not owe the amount claimed. Entry of summary judgment was not improper.
Defendant also complains of the recovery by plaintiff of attorney fees. However, he did not raise that issue by either answer or affidavit in response to the motion for summary judgment. He presented that issue in his motion to set aside the judgment. He contended there and here that the note failed to provide for attorney fees.
He not only raised that issue too late, but failed to support it by affidavit in response to the motion. We comment also that his claim of failure to provide for attorney fees in the contract is not supported by the record before us. The face of the note provides that the terms and conditions on the back of the instrument apply. The record before this court shows only the front. For aught this court knows, the provision for payment of attorney fees is contained on the back of the note.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.