The defendant, Interstate Truck Leasing, requests this court to issue a writ of mandamus directing the trial court to compel the plaintiff, William E. Baughn, to submit to an examination by a physical therapist for the purpose of assessing his physical limitations and his capacity to undergo vocational rehabilitation. In order for this court to issue such a writ, Interstate Truck Leasing must prove by credible allegations, ironclad in nature, that the trial court is legally required to grant this motion. Ex parte State Health Planning Development Agency, 500 So.2d 1149 (Ala.Civ.App. 1986).
The pertinent facts are as follows: Baughn commenced an action against his *Page 54 
employer, Interstate Truck Leasing, seeking permanent and total disability benefits pursuant to the state's workmen's compensation law. Subsequently, in August 1988, Interstate Truck Leasing filed a motion asking the trial court to compel Baughn to submit to an examination by a physical therapist pursuant to § 25-5-77, Ala. Code 1975 (1986 Repl.Vol.). Under the provisions of this statute, an injured employee must submit to an examination by a physician. The term "physician," however, as defined under § 25-5-77(b), only refers to medical doctors, surgeons, and chiropractors. Since a physical therapist does not come within § 25-5-77's definition of physicians, the trial court denied Interstate Truck Leasing's motion. As a consequence, in August 1988, Interstate Truck Leasing submitted a petition for a writ of mandamus wherein it concedes that § 25-5-77 does not address the examination and testing of a claimant by a physical therapist. It argues instead that such an examination should be allowed on the basis of Rule 26. This rule allows discovery to be taken on "any matter, not privileged, which is relevant to the subject matter involved in the pending action."
The Alabama Rules of Civil Procedure vest the trial court with broad discretionary power to control the discovery process. Ex parte Mack, 461 So.2d 799 (Ala. 1984). Rule 35(a) provides that a trial court "may order" a party to submit to a physical examination if the movant shows good cause why the examination should be ordered. Clement v. MerchantsNational Bank of Mobile, 493 So.2d 1350 (Ala. 1986). Such an order, however, can be granted only after the most careful scrutiny. Clement, supra. The power to grant such a motion lies within the sound discretion of the trial court and the court's ruling will be disturbed on appeal only in those cases where a clear abuse of discretion is shown. Ex parteMack, supra.
The evidence indicates that Baughn has been examined by five physicians and a chiropractor. In view of this evidence, we cannot say that the trial court abused its discretion when it denied Interstate Truck Leasing's motion. Based on the foregoing, the writ is denied.
WRIT DENIED.
BRADLEY, P.J., and HOLMES, J., concur.