RUSSELL, Judge.
Rebecca Rish Mann (wife) filed a complaint in the Circuit Court of Cherokee County to enforce the terms of an Indiana divorce decree and also filed a petition for contempt. She then filed an amendment, asserting a claim for divorce from James P. Mann (husband). The husband requested a protective order regarding interrogatories filed by the wife against the husband and filed a motion for summary judgment as to the wife’s amended claim for divorce. The trial court granted the request for the protective order and then granted the husband’s motion for summary judgment as to the claim for divorce. The wife appeals. We affirm.
The dispositive issue is whether the trial court committed reversible error in granting the husband’s motion for summary judgment.
We note, at the outset, that summary judgment is appropriate when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ. App.1987). When passing upon a motion for summary judgment, proof by substantial evidence is the test. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989). If the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to show substantial evidence in-support of his position. Id.
The record reveals that the parties were married on June 13, 1964, and that they resided in the state of Florida. On May 1, 1985, the husband filed a petition for the dissolution of the marriage in the Superior Court of Marshall County, Indiana. At that time he was employed by the Culver Military Academy in Culver, Indiana. The wife entered an appearance in the Indiana court through counsel and moved the trial court to dismiss the petition due to lack of jurisdiction. A hearing was held, and the Indiana court denied the motion to dismiss, finding that the court had jurisdiction of the matter; dissolved the marriage; and made provisions for property division and child support. The trial court subsequently granted a motion for new trial as to the issue of property division and payment of debts.
At the new trial, the wife made an oral motion for new trial on the issue of jurisdiction. The wife then appealed the denial of her motion for a new trial on the issue of jurisdiction and on other issues not pertinent to this appeal. The Indiana Court of Appeals held that the trial court’s order was voidable, but not void, because jurisdiction was challenged on the ground that neither party was an Indiana resident, rather than a challenge of a lack of jurisdiction over a class of cases. The court also held that any challenge to such jurisdiction had to be made in a timely manner and that, since the wife did not contest jurisdiction in a timely manner, she had waived any objection to jurisdiction.
In December 1987, the wife filed this action to enforce the terms of the Indiana divorce decree and later, in November 1988, amended her complaint to add the claim for a divorce. The husband then filed his motion for summary judgment, claiming that the Indiana divorce was final and binding on the parties.
The wife first contends that the trial court committed reversible error when it held that the Indiana divorce decree was entitled to full faith and credit and res judicata effect, and she also contends that due process was violated in the Indiana proceedings. The wife in her brief claims that she was unable to attend the original hearing personally due to ill health and the lack of funds and.that the trial judge denied her motion to delay the hearing. She argues that due process requires the opportunity to be heard at a meaningful time and in a meaningful manner and that whether she was afforded such an opportunity is a material issue of fact.
We find the order of the trial court to be determinative as to this issue and, *417 therefore, quote the judgment here in its entirety.
“The issue before the court raised by the husband’s motion for partial summary judgment is whether the jurisdiction of the Indiana court which divorced the parties and made a property division and alimony award can be collaterally attacked in the present proceeding.
“The wife first objected to the jurisdiction of the Indiana court in pleadings filed in that court prior to entry of the divorce decree wherein the jurisdictional issue was decided adversely to her. She again raised the jurisdictional issue in that court through Rule 60(b) proceedings, and the issue again was decided adversely to her. She took an appeal to the Court of Appeals of Indiana and raised the jurisdictional issue in that court. Once again it was decided adversely to her.
“The proceeding which the wife now brings in this court seeks a divorce and property division on the premise that the divorce and property division resulting from the proceedings in the Indiana court are entitled to no recognition by this court. This premise, however, is incorrect. The applicable law is well established as follows:
“ ‘Although judgments void for lack of jurisdiction will not be enforced [when full faith and credit is sought], jurisdiction may not be questioned if the issue was fully and fairly litigated in the rendering court_’ (Emphasis supplied.) Fehlhaber v. Fehlhaber, 681 F.2d 1015 ([5th Cir. Unit B] 1982).
“The issue of jurisdiction was fully litigated in the Indiana courts attendant with the safe-guards of due process. Although the jurisdictional issue may have been resolved by the Indiana courts differently from the way this court would have resolved it, that is no basis for this court to deny the Indiana judgment full faith and credit.
“Accordingly, IT IS ADJUDGED AND DECREED that the Indiana decree is entitled to full faith and credit, the defendant’s motion for partial summary judgment is granted, and the plaintiff is not entitled to litigate in this court issues previously litigated in the Indiana court.
“DATED OCTOBER 11, 1989.”
Previous cases in this court, in accordance with Fehlhaber, have also held that, although a state will generally give a res judicata effect to a foreign judgment, this court may inquire into the jurisdiction of the foreign court. However, if it is decided that questions of jurisdiction were fully and fairly litigated and decided by the foreign court, then this court must give full faith and credit to the foreign judgment. Wynn v. Wynn, 484 So.2d 1093 (Ala.Civ. App.1986); Wilson v. Lee, 406 So.2d 416 (Ala.Civ.App.1981).
As to the wife’s claim that she was denied due process, we note that “ordinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction....” Fehlhaber, 681 F.2d at 1027.
Based on the proceedings in the Indiana courts, we find that the issue of jurisdiction was fully and fairly litigated in those courts, that due process was not violated, and that we must give full faith and credit to the Indiana court’s judgment.
The wife next contends that the trial court committed reversible error by granting the husband’s motion to stay discovery and then granting summary judgment while the stay was in effect. She further claims that the interrogatories concerning the husband’s residence in Indiana were material and necessary for a proper determination of that issue.
In his motion to stay discovery, the husband argued that, if the trial court determined that it must give full faith and credit to the Indiana judgment, answering some one hundred interrogatories with multiple subparts would be unnecessary and useless, and that the parties would be forced to incur great expense and to expend much time. He claims that the question before the trial court was one of law and that facts concerning his residence or assets were of no relevance.
We note that the trial court has been vested with broad discretionary power to *418 control discovery. Ex parte Interstate Truck Leasing, 537 So.2d 53 (Ala.Civ.App. 1988). Therefore, review on appeal is limited to a determination of whether a trial court abused its discretion, Rankin v. First National Bank, 437 So.2d 503 (Ala.1983). Furthermore, the finding of abuse of discretion is unusual in these matters. Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala. 1978).
Clearly, the interrogatories propounded by the wife were not pertinent to the issue of full faith and credit and would have caused undue expense; therefore, we find that the trial court did not abuse its discretion and did not commit reversible error by staying the wife’s discovery and granting summary judgment while the stay was in effect.
The wife also contends that the trial court committed error by granting the husband’s motion for summary judgment, because, she says, the motion was not supported by the proper materials.
However, the question to be determined is whether any material issue of fact existed and whether the moving party was entitled to a judgment as a matter of law. McMullin, 512 So.2d 1382. The pertinent facts that are apparent from the record are that two hearings were held in the trial court in Indiana, that an appeal was taken to the Indiana Court of Appeals, and that the issue of jurisdiction was presented in all proceedings. The trial court, in its second hearing, and the court of appeals declined to retry the issue, with the court of appeals basing its decision on the waiver of objection by the wife due to lack of timeliness. These facts are not disputed. The question then becomes whether the husband was entitled to judgment as a matter of law. Id. We have already decided that issue and, therefore, find that the grant of summary judgment was proper.
Finally, the wife contends that the Indiana decree exceeded the power of the Indiana court and should not have been enforced by the trial court. She argues that, since she was never a resident of Indiana, the decree of the Indiana court was void on its face to the extent that it adjudicated the rights of the parties beyond the termination of the marital status. In re Marriage of Hudson, 434 N.E.2d 107 (Ind.Ct.App.1982), cert. denied, 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 433 (1983).
However, a party who is otherwise not subject to the jurisdiction of a court may voluntarily submit himself to the jurisdiction of that court. This is accomplished when the party either seeks relief from the court or fails to object in a timely manner to the jurisdiction of the court. Killearn Properties, Inc. v. Lambright, 176 Ind. App. 684, 377 N.E.2d 417 (1978).
Here, the wife sought relief from the Indiana trial court in the request for a new trial on the issue of property division and payment of debts. We find that this was a voluntary submission to the jurisdiction of the court and that, therefore, the trial court did not err by giving full faith and credit to the Indiana decree.
Consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.