INGRAM, Presiding Judge.
The parties were divorced in 1985. Custody of the four minor children was granted to the mother, and the father was ordered to pay child support. The eldest son of the marriage attained the age of majority on December 9, 1989. See Ala.Code 1975, § 26-1-1. The father thereafter petitioned the trial court for a reduction in his child support obligation for the remaining three minor children. Citing the recent Alabama Supreme Court decision in Ex Parte Bayliss, 550 So.2d 986 (Ala.1989), the mother counterclaimed, seeking postmi-nority support of the son during the time in which he attends college.
Following an ore terms proceeding, the trial court reduced the father’s child support obligation and denied the mother’s counterclaim for postminority support. The mother appeals.
The only issue properly before this court is whether the trial court erred in refusing *1242 to grant the mother’s petition to continue child support for postminority college education for the eldest son. The mother contends that the trial court failed to properly apply the Bayliss standards.
The Bayliss holding was a landmark decision. It affords trial courts in this state the discretion to extend the child support obligation of divorced parents beyond the age of majority, to include a college education. In the case at bar, however, we need not inquire as to whether the trial court properly applied the Bayliss standards. This is so because Bayliss is expressly limited to awards and modifications “when application is made therefor ... before the child attains the age of majority.” Id. at 987.
The record in the instant case indicates that the mother’s claim for postminority support of the son was filed over two months after the son reached the age of majority. Therefore, we find that Bayliss is inapplicable to the facts of this case.
The father’s request for an award of attorney’s fees for representation on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.