RUSSELL, Judge.
This case involves post-divorce proceedings and, in particular, the payment of post-minority support for college education when application therefor is made after the child has reached the age of majority.
Hollinger F. Barnard (mother) and William Dean Barnard (father) were divorced in April 1988. There were three children born of the marriage, William Harrison Barnard II, Margaret Pace Barnard, and Joshua Bates Barnard.
In September 1989, the mother filed a motion for declaratory judgment and modification of the prior order of the court, asking the trial court to find that the father was obligated to provide support payments for his three children while they attended college. She subsequently filed an amendment to the motion, adding the children as plaintiffs. The father then filed a motion for summary judgment. The affidavit of the mother, filed in March 1990, indicates that William was twenty-one years of age, Margaret was nineteen years of age, and Joshua was seventeen years of age.
The trial court granted the motion for summary judgment as to Margaret Pace Barnard and William Harrison Barnard because they had reached the age of nineteen before the suit was filed, and it recognized the duty to provide college support for Joshua Bates Barnard. The mother appeals. We affirm.
The dispositive issue is whether the trial court has jurisdiction to require the father to pay post-minority support for a college education to children of a marriage terminated by divorce when application is made therefor after the children have reached the age of majority.
At the outset, we note that the standard for determining whether summary judgment is proper is that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987).
The record indicates that there was no factual dispute between the parties. Therefore, we must now determine whether the father was entitled to a judgment as a matter of law. McMullin, 512 So.2d 1382.
The mother contends that the trial court erred in denying post-minority college support for William and Margaret and misapplied the principles and law of Ex parte Bayliss, 550 So.2d 986 (Ala.1989). We disagree.
Regarding the jurisdiction of the trial court to award post-minority college sup *489 port, the supreme court in Bayliss, held as follows:
“In a proceeding for dissolution of marriage or a modification of a divorce judgment, a trial court may.award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefor, as in the ease at issue, before the child attains the age of majority.”
550 So.2d at 987 (emphasis supplied).
Although the mother and the children claim that they are protected by the “letter and spirit” of Bayliss and that a college education is a “necessity” under Alabama’s child support statute, that protection (post-minority support for a college education under the proper circumstances) extends to children of divorced parents only “when application is made therefor ... before the child attains the age of majority.” Id. See also Balthrop v. Balthrop, 568 So.2d 1241 (Ala.Civ.App.1990). Therefore, we find that, as to William and Margaret, the father was entitled to a judgment as a matter of law.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.