Jeffrey D. Knutilla and Janie S. Knutilla filed a complaint against Alpine Bay Resorts, Inc., and Auto-Owners Insurance Company, claiming $25,000 plus interest, attorney's fees, and costs under a statutory bond and claiming damages due to a bad faith refusal to pay and due to a breach of fiduciary duty. Summary judgment was granted in favor of the Knutillas in the amount of $2,395.86, which the trial court found represented actual loss or damage plus $587.73 in post-judgment interest and $91.67 for court costs. The bad faith and breach of fiduciary duty claims were dismissed with prejudice. The Knutillas appeal, contending that the trial court erred in granting summary judgment in an amount lower than that requested and in ruling against them on the issue of bad faith refusal to pay. We affirm.
At the outset, we note that summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank,512 So.2d 1382 (Ala.Civ.App. 1987); Rule 56, Alabama Rules of Civil Procedure. The burden of proof is on the moving party.Jones v. Newton, 454 So.2d 1345 (Ala. 1984). When reviewing a grant of summary judgment, the same standard as utilized by the court below must be applied by this court.Southern Guaranty Insurance Co. v. First Alabama Bank,540 So.2d 732 (Ala. 1989).
The record reveals that in 1983 the Knutillas purchased a time-share unit from Alpine Bay Resorts, Inc., at its resort in Talladega County, Alabama. They made a down payment of $450 and thirteen payments of $97.42 to Alpine Bay for a total of $1,716.46. In 1985 the Knutillas instituted a civil suit against Alpine Bay, alleging, among other things, that Alpine Bay had promised to repurchase the Knutillas' interest in the time-share unit and containing a cause of action for fraud and breach of contract relating to the purchase of the time-share unit. In 1987 the Knutillas, after a jury trial, were granted a judgment of $25,000 plus costs, which judgment was appealed to the Alabama Supreme Court and affirmed. The Knutillas then executed on the judgment, but found no unencumbered assets from which to satisfy their judgment.
Alpine Bay was required by § 34-27-51(2)i., Ala. Code 1975, to post a bond with the State of Alabama for the benefit of time-share owners in the amount of $100,000, and such bond was posted by Alpine Bay, as principal, and Auto-Owners, as surety. In 1988 the Knutillas filed a claim under the bond with Auto-Owners, which denied any liability to the Knutillas. The Knutillas then filed the present action.
The Knutillas first contend that the trial court erred in refusing to grant summary judgment in their favor against Auto-Owners in the full amount of their judgment against Alpine Bay.
Section 34-27-51(2)i., which was codified from 1983 Ala. Acts, Act 83-670, requires *Page 1361 
that any seller of vacation time-sharing plans provide to the Alabama Real Estate Commission:
 "i. Evidence that the time-sharing plan owner or his agent shall furnish a surety bond payable to the state of Alabama in the amount of $100,000.00 with a surety company authorized to do business in Alabama, which bond shall provide that the obligor therein shall pay up to $100,000.00 the aggregate sum of all judgments which may be recovered against the vacation time-sharing plan owner or seller for any actual loss or damage
arising against such vacation time-sharing plan owner or seller from the activities of the time-sharing plan owner or seller, or their agents or representatives, related to the time-sharing plan."
(Emphasis supplied.)
The surety bond purchased by Alpine Bay from Auto-Owners provides in pertinent part:
 "The condition of this bond is that the principal is the Developer of a time sharing project known as Capricorn Complex, a condominium, in Alpine Bay, Alabama, and has certain obligations to the purchasers pursuant to the provisions of purchaser contracts between the principal and unit purchasers, . . . and under Act 83-670 of the 1983 Alabama Legislature.
 "If principal shall pay any and all final judgments that may be rendered against it because of its failure to well and faithfully discharge its obligations under said purchase contract and Legislative Act during the term this bond is in force, then this obligation as to any such judgment shall be void; otherwise, it shall remain in full force and effect."
(Emphasis supplied.)
Although Auto-Owners argues that it is responsible only for provable compensatory damages and the trial court granted damages representing actual loss or damage, the Knutillas argue that the language "any and all final judgments" in the bond obligates Auto-Owners to pay any and all final judgments rendered against Alpine Bay. We disagree.
We find the language in the bond, which refers to the obligations of the principal (Alpine Bay) to the purchasers (the Knutillas) under Act 83-670, to be dispositive of the issue. Section 34-27-51(2)i., part of the codification of Act 83-670, requires the payment of judgments recovered against the vacation time-sharing plan owner or seller for "any actual loss or damage." Therefore, we find that the judgment granting the Knutillas a sum representing the actual loss or damage sustained by them was proper.
The question remains whether the trial court correctly determined that the actual loss or damage was $1,716.46. The evidence indicates that, although the jury in the original trial was charged by the trial judge as to both actual or compensatory damages and punitive damages, the jury issued a general verdict of $25,000 in the original trial and did not clarify the types of damages awarded. In addition, clarification was not requested by either party; thus the only evidence as to actual damages or loss indicates the amount of $1,716.46. As to the determination of actual damages under the bond, the burden was correctly placed on the one seeking coverage, here the Knutillas, to prove that coverage existed within the terms of the bond. See Alabama HospitalAssociation Trust v. Mutual Assurance Society of Alabama,538 So.2d 1209 (Ala. 1989). Since we cannot determine which portion of the judgment was for punitive damages, rather than actual damages or loss, we find that the trial court was correct in its determination of the amount of actual damages or loss.
The Knutillas next contend that the trial court erred in ruling against them on the issue of Auto-Owners' bad faith refusal to pay their claim.
However, when a claim is fairly debatable, the insurer is entitled to debate the claim, and if a lawful basis for denial exists, the insurer will not be held liable in an action based on bad faith. Gulf Atlantic Life Insurance Co. v.Barnes, *Page 1362 405 So.2d 916 (Ala. 1981). In the instant case, the amount for which Auto-Owners has been held to be liable is a great deal less than the $25,000 plus interest demanded by the Knutillas. In addition, Auto-Owners' argument as to punitive damages has been accepted. Therefore, since there was a lawful basis for denial of the claim, we find that the trial court's dismissal of the bad faith count was proper.
Because there was a lawful basis for the denial of the claim and, therefore, no basis for a bad faith action, we pretermit a discussion of the applicability of the tort of bad faith in this type of action as unnecessary.
We, therefore, find that there was no genuine issue of material fact, that the moving party was entitled to the judgment as a matter of law, and that the grant of summary judgment was proper.
Based on the above, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.