RUSSELL, Judge.
Ray Weeks appeals from an order granting summary judgment to the Mutual Life Insurance Company of New York (Mutual).
On May 26, 1988, Weeks filed a complaint, alleging fraud and misrepresentation in connection with the sale of five whole life insurance policies issued by Mutual between 1974 and 1983. The trial court granted partial summary judgment in favor of Mutual and another defendant, who is not a party to this appeal, and the judgment was certified for appeal under Rule 54(b), Alabama Rules of Civil Procedure. The action remains pending against defendant Harold Daugherty only. We affirm.
The dispositive issue is whether the trial court properly granted summary judgment in favor of Mutual.
*999 At the outset we note that summary judgment is proper when there is no genuine issue of material fact and, as a matter of law, the moving party is entitled to judgment. Rule 56, A.R.Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). If the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to show substantial evidence in support of his position. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989).
The record indicates that at the time that Weeks purchased the five insurance policies from Daugherty, between 1974 and 1983, Daugherty was a field underwriter for Mutual. Daugherty testified at deposition that he left Mutual on April 23, 1985, and that after that time he could solicit applications for insurance policies with Mutual, but could not service them. He no longer received a copy of the lapse notices which Mutual sent to customers. A contract termination letter from Daugherty to Mutual is dated April 24, 1985.
Lapse notices were sent to Weeks from Mutual dated January 17, 1985, April 25, 1985, October 29, 1985, and October 17, 1986. The last three of the notices were sent after the date of the referenced termination letter.
Weeks seeks to hold Mutual liable for alleged misrepresentations made by Daugherty concurrently with the sale of the insurance policies and after the receipt of the lapse notices. Weeks alleges that Daugherty stated that after a certain number of annual premiums were paid, the policies would become self-sustaining and that no further payments on his part would be necessary.
Also, at deposition Weeks testified that he understood that Daugherty had left Mutual as an agent and had become a broker “around ’86” and that Daugherty told him that he had gotten a better job offer, but that he could take care of Weeks’s policies. Additionally, Weeks stated that he could remember getting one lapse notice, but that whatever notices he received he took to Daugherty and was told not to worry about it and that Daugherty could “take care of it.”
Weeks contends that the trial court erred in not allowing the jury to determine whether an agency relationship existed at the time of alleged fraudulent actions by Daugherty, which occurred after receipt of the lapse notices. He states that there is a dispute regarding the timing of the termination of Daugherty’s agency relationship with Mutual and that this presents a question for the jury.
Weeks claims that Daugherty was an agent of Mutual until January 1, 1987, and Mutual and Daugherty claim that the agency relationship terminated on April 24, 1985. Testimony from a representative of the state of Alabama Department of Insurance reveals that Daugherty was included in a list of those persons licensed to sell life insurance for Mutual between 1974 and 1986, and Daugherty’s license record for 1983 through 1986 indicates that he sold for a number of insurance companies, including Mutual, from 1983 through 1986. However, we find that this evidence does not contradict the evidence of a change in relationship between Daugherty and Mutual, and we further find that it does not refute the prima facie showing that no genuine issue of material fact exists as to the relationship between Daugherty and Mutual.
Weeks states that although Daugherty’s change in contract with Mutual did not give him authority to service insurance contracts, Daugherty could still solicit applications for insurance and collect the first premiums. He further claims that the distinction was not material, because it was not relayed to him that Daugherty could not service his policies.
The statute of limitations for fraud actions is two years. See Ala.Code 1975, § 6-2-38(1). However, in fraud actions “the claim must not be considered as having accrued until the discovery by the ag *1000 grieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.” § 6-2-3. In the instant case the last policy was purchased in 1983, and the first lapse notice was dated January 17,1985. Although Weeks was not sure that he received all of the notices, he admitted receiving one of them and did not deny receiving all of them. The complaint was not filed until May 26, 1988.
“The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud.” Hicks v. Globe Life & Accident Insurance Co., 584 So.2d 458, 463 (Ala.1991). The knowledge of facts which would put a reasonable person on notice of the possible existence of fraud is sufficient to start the running of the statute of limitations. Id. at 463.
The notices that were sent to Weeks contained the following statements: “Although your policy has lapsed[,] you may still be able to restore it if you act immedi-ately_ Please reconsider—and then apply for reinstatement.” Clearly, these statements reveal facts that are inconsistent with the alleged misrepresentation of Daugherty, and Weeks, who the evidence reveals has a master’s degree in management, would have been put on notice of the possible existence of fraud. Because the complaint was filed two years after Weeks received three of the notices and is deemed to have been put on notice of the fraud, the statute of limitations had expired.
Weeks claims that when he took the lapse notices to Daugherty, Daugherty made statements to him that he would “handle it” and not to worry. These misrepresentations, Weeks further claims, caused him to ignore the notices. He also claims that Daugherty was an agent of Mutual until January 1, 1987, and that Mutual never told him that Daugherty could not service his policies. He contends that, therefore, Mutual is also liable for any fraud committed by Daugherty.
Mutual argues that because Daugherty became its broker after April 1985 and had the authority to solicit applications and collect the first premiums, but did not have the authority to service policies, it cannot be held liable for any alleged concealment by Daugherty.
An independent agent or broker may be an agent for the insurer, and the insurer may be held liable, in cases where the insurer authorizes the agent to make representations, and those representations are made by the broker within the scope of his authority. Washington National Insurance Co. v. Strickland, 491 So.2d 872 (Ala.1985). The evidence indicates that, after April 1985 when he became a broker, Daugherty was not authorized to service policies for Mutual and that Weeks knew in 1986 that Daugherty left Mutual as an agent and became its broker; therefore, any representations otherwise made by Daugherty were not within the scope of his authority and would not cause Mutual to be held liable.
Based on the above, we find that the statute of limitations had expired as to Mutual, and that summary judgment was proper.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.