Rabin Stovall filed a complaint in the trial court, alleging that the Huntsville City Board of Education (board) terminated his employment and refused to reinstate him, thereby violating his rights under the Constitution of Alabama and the Constitution of the United States. The trial court granted summary judgment in favor of the board, and Stovall appeals. We affirm.
We note at the outset that summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Alabama Rules of Civil Procedure;McMullin v. AmSouth Bank, 512 So.2d 1382
(Ala.Civ.App. 1987). This court must apply the same standard when reviewing the trial court's grant of a summary judgment.Southern Guaranty Insurance Co. v. First Alabama Bank,540 So.2d 732 (Ala. 1989).
The record indicates that Stovall was employed as a nontenured teacher during 1988-89, 1989-90, and 1990-91. After Stovall's arrest for possession of crack cocaine in September 1990, the superintendent of the Huntsville city school system recommended to the board that Stovall's employment contract be canceled. A hearing was held, at which Stovall and his attorney were present, and witnesses testified for both sides.
During the hearing an investigator with the Decatur Police Department testified that he observed Stovall walking away from a group at a housing project and that he followed him into a breezeway, that he never lost sight of Stovall, and that he observed Stovall throw a plastic bag on the ground, which contained a cocaine-like substance. The investigator then arrested Stovall. A laboratory analyst with the Alabama Department of Forensic Sciences testified that the plastic bag contained cocaine.
Eric Metcalf, a witness called by Stovall's attorney, testified that he had known Stovall for ten years and that he had never known him to use drugs. On the day that Stovall was arrested, he had planned to meet Stovall at the housing complex.
Stovall testified that he had gone to the housing complex to meet Metcalf. While he was looking for Metcalf, some people *Page 409 
ran past him in a breezeway. A policeman then ordered him to stop and, after handcuffing him, picked up a bag from the ground in the breezeway. Stovall stated that he had not known that the bag was there.
The superintendent testified that Stovall's testimony was inconsistent with what he told her when he reported his arrest to her. Stovall told her that he ran when the policeman approached and that someone ran past him and threw the bag of cocaine at his feet.
After the hearing the board voted to uphold the recommendation to cancel Stovall's contract.
Stovall contends that he was denied due process when the board terminated his employment based on a criminal charge for which, he claims, he was not indicted or convicted. The board responds that Stovall was terminated because it determined that Stovall possessed cocaine, not because of his arrest.
Section 16-11-17, Ala. Code 1975, provides for the dismissal of employees of city boards of education as follows:
 "The city board of education . . . may suspend or dismiss any principal or teacher . . . on the written recommendation of the city superintendent of schools for immorality, misconduct in office, incompetency, willful neglect of duty or when, in the opinion of the board, the best interests of the schools may require. . . ."
However, as a nontenured teacher under a one-year contract, Stovall had an expectancy of one year's employment; therefore, he had a property interest which entitled him to procedural due process. Ex parte Hayes, 405 So.2d 366 (Ala. 1981). Due process requires that notice and an opportunity to be heard should be provided prior to the deprivation of life, liberty, or property. Cleveland Board of Education v.Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494
(1985). After determining whether the essential elements of due process have been provided, the court should inquire whether the action of the board is supported by substantial evidence.Holley v. Seminole County School District,755 F.2d 1492 (11th Cir. 1985).
Stovall received notice of the grounds for the proposed dismissal and of his right to a hearing before the board, at which he could present evidence and have subpoenaed witnesses testify. Stovall attended the hearing with his attorney, presented witnesses in his behalf, and cross-examined adverse witnesses. In addition, we note that prior to the start of the hearing, the members of the board were told that if they were unable to act impartially and base their decision solely on the evidence presented, they should ask to be excused. No one did so.
At the hearing before the board, the police investigator testified that he saw Stovall drop the bag, which later was found to contain cocaine, and that Stovall was never out of his sight. In addition, the superintendent testified that Stovall's statements at the hearing were inconsistent with what he previously had told her.
Therefore, we find that Stovall was afforded notice and the opportunity to be heard and that there was substantial evidence to support the board's decision. Stovall was not denied due process.
Stovall next contends that the termination of his contract violated public policy. However, he does not point out to this court how public policy was violated.
The public policy of a state may be defined as the law of that state, as found in its constitution, statutes, and court decisions. Higgins v. Nationwide Mutual Insurance Co.,50 Ala. App. 691, 282 So.2d 295 (Ala.Civ.App. 1973). The requirement of due process and all the protections provided by state law were accorded to Stovall; therefore, we find no merit to this argument.
Stovall also contends that summary judgment was improper in view of his claim of a violation of due process and damage to his name and reputation. However, based on the above, we find that no genuine issue of material fact exists and that the board was entitled to a judgment as a matter of law. *Page 410 
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.