ROBERTSON, Presiding Judge.
The Mobile County Health Department (MCHD) filed a declaratory judgment action against its workmen’s compensation insurers, Bituminous Insurance Company and Liberty Mutual Insurance Company, with respect to a claim brought by an MCHD employee, Mary Taylor.
Liberty Mutual answered with a general denial and then filed a motion for summary judgment on the basis that its insurance policy was not in force at the time the workmen’s compensation claim arose. Liberty Mutual’s motion was granted, but was not made final pursuant to Rule 54, A.R.Civ.P.
Thereafter, following an ore tenus proceeding, the trial court entered a judgment in favor of Taylor for workmen’s compensation benefits and finalized Liberty Mutual’s summary judgment. Bituminous filed an appeal to this court from the trial court’s order granting Liberty Mutual’s motion for summary judgment.
Liberty Mutual argues that Bituminous could not properly appeal and that proper notice of appeal was not given; therefore, it contends, the appeal should be dismissed. We elect, however, to address the issue of whether the trial court correctly granted Liberty Mutual’s motion for summary judgment.
A reviewing appellate court employs the same standard utilized by the trial court when reviewing an entry of a summary judgment. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala. *701 1989). A summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987).
It was undisputed that Bituminous was MCHD’s workmen’s compensation carrier until July 1, 1990, at which time Liberty Mutual began providing the same coverage for MCHD. It was also undisputed that Taylor was an employee of MCHD. The record reflects that Taylor was injured by a fall on March 15, 1990, while in the employment of MCHD. On July 6,1990, during the treatment for the injuries received in that accident, Taylor' was diagnosed with carpal tunnel syndrome. The trial court awarded benefits based on the March 15, 1990, injury, as well as for the development of carpal tunnel syndrome.
There was medical testimony before the trial court by way of deposition that Taylor’s March 15 fall either caused or aggravated the carpal tunnel syndrome. Taylor also testified that the carpal tunnel syndrome “arose out of’ the fall. It is clear from the facts in this case that Taylor’s injuries were incurred before July 1, 1990, the date Liberty Mutual assumed liability. Consequently, we find that Liberty Mutual was entitled to a judgment as a matter of law.
The trial court’s judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.