HOLMES, Judge.
This is an employment termination case.
Mattie Malone was employed as a Cashier II with the Alabama Alcoholic Beverage Control Board (ABC Board). She was accused of intentionally overcharging a customer. After a pretermination hearing, the ABC Board terminated her from employment.
Malone appealed her termination to the Alabama State Personnel Board (Personnel Board), which appointed a hearing officer to conduct a hearing and take evidence. The hearing officer recommended that the dismissal be upheld. After examining the record of the proceedings before the hearing officer, the Personnel Board concluded that Malone’s actions were unintentional, and it issued an order reinstating Malone. The ABC Board appealed to the Montgomery County Circuit Court, which upheld the decision of the Personnel Board.
The ABC Board appeals to this court. We affirm.
Under Ala.Code (1975), § 36-26-27(a), when an employee is dismissed by his appointing authority, in this case the ABC Board, he may appeal such action to the Personnel Board and request a hearing. “[I]f the charges are proved unwarranted,” § 36-26-27(a), the Personnel Board may order the reinstatement of the employee.
This court has held that, in reviewing an employee’s dismissal, the Personnel Board is only to determine if the reasons stated for the dismissal are sustained by the evidence presented at the hearing. Hilyer v. Blackwell, 377 So.2d 1090 (Ala.Civ.App.), cert. denied, 377 So.2d 1092 (Ala.1979). The Personnel Board may order the reinstatement of the employee only if it finds that the charges against him are proven to be unwarranted. Roberson v. Personnel Board, 390 So.2d 658 (Ala.Civ.App.1980); Hilyer, 377 So.2d at 1091-92.
In its order, the Personnel Board stated that it had carefully examined the record, particularly that evidence concerning the “operation of the cash register, the possible explanations given by the employee as to how the overcharge could have occurred, and the fact that the employee when confronted by the disgruntled customer brought this matter to the attention of the manager.” The Personnel Board determined that there was “not substantial evidence to conclude that the action of the employee in overcharging the customer was intentional,” and, therefore, it ordered that Malone be reinstated.
On appeal, the ABC Board contends that substantial evidence exists to support the conclusion that Malone intentionally over *1139 charged a customer and thus should be terminated from employment with the ABC Board. The ABC Board contends that the method of operating the cash register and the fact that Malone’s register balanced at the end of the day both indicate that Malone had intentionally overcharged the customer and pocketed that amount.
This appeal is governed by the Alabama Administrative Procedure Act, under which the Personnel Board’s determination is taken as prima facie just and reasonable and under which this court may not substitute its judgment for that of the Personnel Board as to the weight of the evidence on questions of fact. Ala.Code (1975), § 41-22-20(k).
Applying this standard of review to the present case, we find that the decision of the Personnel Board is due to be affirmed. After reviewing the record, we are satisfied that the Personnel Board’s determination that the charges against Malone were unwarranted is not “[cjlearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.” Ala. Code (1975), § 41-22-20(k)(6).
Malone testified that she overcharged the customer, but it was unintentional. There was evidence that, when the customer reported the overcharge, she informed her supervisor. Other employees of the ABC Board testified that all cashiers have made mistakes and there could have been other reasons (besides pocketing the money) that Malone’s register balanced at the end of the day. Malone’s former supervisors testified that they trusted her and had never received any complaints of deliberate overcharging. Therefore, we conclude that the Personnel Board’s decision is supported by substantial evidence.
The ABC Board further contends that the Personnel Board should have adopted the recommendation of its hearing officer to uphold the termination. Pursuant to the Personnel Board’s Rule 670-X-5-.07(4), the Personnel Board may “modify, alter, set aside or affirm” the hearing officer’s report. See Thompson v. Alabama Department of Mental Health, 477 So.2d 427 (Ala.Civ.App.1985). There was evidence sufficient to support the Personnel Board’s decision.
The ABC Board also argues that error was committed when the hearing officer failed to admit into evidence the results of a polygraph test administered to Malone several months prior to this incident. Even if it were error to deny admission of these test results, it would not be reversible error because the Personnel Board’s order to reinstate was supported by other legal evidence. Alabama Board of Nursing v. Herrick, 454 So.2d 1041 (Ala.Civ.App.1984).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.