After being charged with abuse of a client, Michael E. Kirby (employee) was terminated from his employment as a Mental Health Worker I with the Alabama Department of Mental Health and Mental Retardation (Department) at the Albert P. Brewer Developmental Center (Brewer) on February 22, 1989. The employee appealed his termination to the State Personnel Board (Board), and a hearing officer was appointed. Following a hearing on May 25, 1989, the hearing officer determined that the employee had in fact committed client abuse and recommended that the employee's termination be sustained. Pursuant to State Personnel Board Rules, the employee filed exceptions to the Department report and the Board heard oral arguments from *Page 677 
both parties. In its opinion issued on October 19, 1989, the Board found that, although the Department's decision to terminate the employee was supported by the evidence, termination was too harsh a punishment. The Board ordered the Department to reinstate the employee, but required the employee to forfeit four months of his back pay and benefits. The Department filed a motion for reconsideration, which was denied. The Department then filed a petition for Judicial Review/Common Law Writ of Certiorari with the Circuit Court of Montgomery County. The parties submitted memorandum briefs and, on June 5, 1990, the circuit court issued an order affirming the Board's decision. The Department appeals the judgment of the circuit court upholding Kirby's reinstatement.
The record reveals these facts: The employee has worked for seven years as a Mental Health Worker I at Brewer Developmental Center. On February 6, 1989 the employee was assigned to care for five severely to profoundly mentally retarded clients. The employee took the clients into the shower area for their evening baths, then left them unattended while he went to procure bath supplies. En route to the linen room, the employee went into a supervisor's office to make a personal call on a telephone reserved for the retarded clients' personal use. A mentally retarded client was using the phone at that time. The employee ordered the client to leave, then forced her out of the room. The client began to scream and was soon hysterical.
At the hearing before the Board, evidence conflicted sharply over exactly how the employee forced the client to leave the supervisor's office. Several clients of the facility signed affidavits stating that they had heard the employee use bad language, then saw him roughly shove the client out of the office. The employee testified that he used no expletives and merely guided her out. The employee admitted to leaving his five charges unattended in the shower area during this time.
On the basis of these facts and its own impressions concerning the conflicting testimony, the Board found that the charges against the employee were warranted, but stated that the charges were mitigated in part by "the employee's seven-year record of service without previous disciplinary action concerning the area of patients." In light of this, the Board ordered Kirby's reinstatement.
On motion for reconsideration of the Board's order, the Department offered the employee's personnel record as "new evidence." The personnel record showed that the employee had been reprimanded on several occasions and had been given a 15-day suspension without pay for various disciplinary infractions. After the motion for reconsideration was denied, the Department introduced the same evidence before the circuit court on certiorari. The circuit court affirmed the Board's decision despite this evidence.
Except where judicial review is by trial de novo, the Board's order shall be taken as prima facie just and reasonable and may not be altered by the circuit court unless the Board's decision is unsupported by substantial evidence or reflects an improper application of law to the facts. Alabama Alcoholic BeverageControl Board v. Tyson, 500 So.2d 1124 (Ala.Civ.App. 1986).
The first issue raised by the Department is whether the circuit court erred by failing to rule that the Board lacked the statutory authority to reinstate Kirby.
The statute limiting the Board's reviewing power is found in § 36-26-27, Code 1975. Prior to 1983 this statute allowed the Board to order the reinstatement of the employee only if it found that the charges against the employee were unwarranted. Where the charges were proven warranted, the Board was required
to uphold the employee's dismissal. ABC Board v. Malone,495 So.2d 1137 (Ala.Civ.App. 1986). The employee could then appeal the Board's decision to the circuit court. § 41-22-20.
In 1983 the statute was amended to provide that, after finding that the charges against the employee are warranted, and upon a majority vote of the board: *Page 678 
 "[T]he board may impose a punishment other than termination including but not limited to a reinstatement with forfeiture of back wages and benefits . . . or a suspension up to and including 30 days."
§ 36-26-27, Code 1975.
The Department appears to argue that this amendment empowers the Board only to impose lesser punishment where charges against an employee are proven unwarranted. We consider such an argument meritless. Where charges are proven unwarranted, the Board may not impose any measure of punishment; certainly, a "lesser" punishment would be improper. Clearly, the amendment is intended to allow the Board to impose less drastic remedies when the charges against employees are substantiated by the evidence but are not grave enough to justify termination of the employee. See Ex Parte Burks, 487 So.2d 905 (Ala. 1986). Pursuant to this amendment, the Board must review the evidence to determine whether the charges against an employee are warranted and, if so, whether termination is appropriate according to the circumstances. In light of the plain meaning of the amendment, the circuit court did not err by recognizing the Board's authority to impose a lesser punishment on Kirby.
The Department next argues that there was no legal evidence by which the circuit court could affirm the Board's decision to reinstate Kirby. The Board points out that Kirby's termination was mitigated largely by the Board's finding of "no past disciplinary infractions concerning the care of patients." The Department contends that the legal evidence contained in the employee's personnel record directly refutes this mitigating factor.
Kirby's personnel record does reflect several disciplinary infractions for which he had previously received a 15-day suspension. However, the circuit court may hear and consider only such evidence as was presented to the Board in its contested case proceeding. § 41-22-20(i), Code 1975. Here, it appears that the personnel record was not presented to the Board during the contested case proceeding; rather, the Department presented the record as "new evidence" on motion for rehearing pursuant to § 41-22-17, Code 1975.
According to § 41-22-17, application for rehearing will apply where the Board's decision is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." The statute does not empower the Board, on motion for reconsideration, to admit new evidence into the "whole record." However, the circuit court may order the Board to consider such evidence upon the order of the circuit court. According to §41-22-20, Code 1975:
 "If, before the date set for hearing a petition for judicial review of agency action in a contested case, it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may remand to the agency and order that the additional evidence be taken before the agency upon conditions determined by the court."
§ 41-22-20(i), Code 1975.
Here, the record reveals no attempt by the Department to bring the "new evidence" before the circuit court prior to the hearing, nor did it provide the court with "good reasons" why the evidence had not been presented to the Board during the initial contested case proceeding. Without such timely action by the Department, the circuit court could not remand the cause for the taking of additional evidence before the Board. Accordingly, evidence of Kirby's prior 15-day suspension could not be properly considered by the circuit court in its review. Moreover, it is not within this court's prerogative to weigh the value of this evidence nor to attempt to substitute our judgment for that of the Board. Roberson v. Personnel Board,390 So.2d 658 (Ala.Civ.App. 1980). Rather, our scope of review is limited to determining whether there is any evidence in the record to support the Board's decision. Johnson v. MobileCounty Personnel Board, 459 So.2d 923 (Ala.Civ.App. 1984). *Page 679 
Here, there is ample evidence supporting the Board's decision that Kirby's actions were not grave enough to justify termination. Moreover, Kirby presented to the Board a number of favorable employee evaluations made by the Department, all of which indicate that he is capable of progressing past his mistakes. Based on this and other evidence in the record, we do not find that the trial court erred in upholding the Board's order to reinstate Kirby. Its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.