THOMAS, Judge,
concurring in the judgment and dissenting from the instructions on remand.
The evidence in this case makes it clear that the Alabama Department of Youth Services (“DYS”) considers DYS Policy 9.15, limiting the use of physical force on students, to be an integral part of its purpose, function, and reason for being, see § 44-1-1, Ala.Code 1975 (stating that the purpose of the chapter establishing DYS is “to promote and safeguard the social well-being and general welfare of the youth of the state through a comprehensive and coordinated program of public services for the prevention of juvenile delinquency and the rehabilitation of delinquent youth”). DYS believes that the decision of the State Personnel Board (“the Board”) compromises that purpose, especially in light of Willie Pollard’s dismissal from his previous employment as a correctional officer at the Montgomery County Detention Facility based on the charge of using unnecessary force on an inmate.
I agree with the main opinion that the Board’s decision to reverse Pollard’s dismissal and to impose a lesser punishment *388 on bim conflicts with the findings of fact and conclusions of law that the Board adopted. I differ with the main opinion, however, because I would not give the Board another opportunity (it has already had two opportunities[4]) to explain its reasons for mitigating Pollard’s punishment.
Instead, I believe this court should reverse the judgment of the circuit court and remand the cause to that court with instructions to enter a judgment in favor of DYS. Given the conflict between the Board’s decision and the findings of fact and conclusions of law the Board adopted — including the conclusion that “the totality of the evidence warrants termination in this cause” — the Board’s decision is arbitrary and capricious because it did not spell out its reasons for mitigation.
In Ex parte Dunn, 962 So.2d 814, 824 (Ala.2007), a county school board terminated the employment of a high school science teacher and varsity basketball coach because he had condoned physically abusive discipline of the basketball team. The employee contested his discharge and received a hearing. The hearing officer found that, although the employee had, in fact, allowed the physical abuse of the students on the basketball team, his unblemished employment history as a teacher should be considered separately from his gross misconduct as a basketball coach. The hearing officer determined that the employee should not be discharged from his employment as a teacher but, instead, should be suspended without pay for 30 days and barred from coaching for 4 years.
The school board appealed to this court, which reversed the hearing officer’s decision, holding that the inconsistency between the hearing officer’s finding that the employee had engaged in gross misconduct as a basketball coach and the hearing officer’s reinstating the employee to his position as a teacher made the decision arbitrary and capricious. See Board of Sch. Comm’rs of Mobile County v. Dunn, 962 So.2d 805 (Ala.Civ.App.2006) (plurality opinion). The Alabama Supreme Court reversed, holding, in effect, that there was no inconsistency because the hearing officer had “examined all the facts, articulated a satisfactory explanation for his action, and stated a rational connection between the facts and the discipline he imposed.” Ex parte Dunn, 962 So.2d at 824.
The same cannot be said in this case. The Board adopted the findings of fact and conclusions of law of the administrative law judge (“ALJ”) in toto, failed to point out any contrary factual considerations that weighed in its decision to reduce Pollard’s punishment, and offered no explanation for its decision that “termination is too severe a punishment.”
I acknowledge that Act No. 83-673, Ala. Acts 1983, amending § 36-26-27(a), Ala. Code 1975,[5] permitting the Board to impose a punishment less severe than termination of employment does not expressly *389 require the Board to set out the reasons for its decision to reduce an employee’s punishment. In my judgment, however, such a requirement is implicit, especially considering that one basis for challenging the Board’s decision is that the decision is “[u]nreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.” § 41-22-20(k)(7). In discussing the “arbitrary and capricious” ground for reversal of an agency decision, this court has stated:
«In Prometheus Radio Project v. FCC, 373 F.3d 372 (3d Cir.2004), the United States Court of Appeals for the Third Circuit, in construing 5 U.S.C. § 706, the judicial-review provision of the federal Administrative Procedure Act, upon which the [Alabama Administrative Procedure Act] is modeled, explained a court’s review of agency action under the ‘arbitrary and capricious’ standard:
“ ‘The scope of review under the “arbitrary and capricious” standard is “narrow, and a court is not to substitute its judgment for that of the agency.” Motor Vehicle Mfrs. Ass’n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).... Nevertheless, we must ensure that, in reaching its decision, the agency examined the relevant data and articulated a satisfactory explanation for its action, including a “rational connection between the facts found and the choice made.” Id. (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962)). ...
[[Image here]]
“‘Finally, the traditional [administrative procedure act] standard of review is even more deferential “where the issues involve ‘elusive’ and ‘not easily defined’ areas....” Sinclair [Broad. Group, Inc. v. FCC ], 284 F.3d [148] at 159 [ (D.C.Cir.2002) ]. Yet even when an administrative order involves policy determinations on such elusive goals, a “rationality” standard is appropriate. See [FCC v. Nat’l Citizens Comm, for Broad.], 436 U.S. [775] at 796-97, 98 S.Ct. 2096 [ (1978) ] (finding that the Commission acted rationally in determining that diversification of ownership would enhance the possibility of increasing diverse viewpoints). ... ’
“373 F.3d at 389-90.”
Alabama Dep’t of Human Res. v. Dye, 921 So.2d 421, 426 (Ala.Civ.App.2005). See also Alabama Dep’t of Pub. Health v. Perkins, 469 So.2d 651, 652 (Ala.Civ.App.1985) (holding that “a decision cannot be said to be ‘arbitrary’ where there is a reasonable justification for the decision or where the determination is founded upon adequate principles or fixed standards”).
Moreover, for every reported case in which the Board has reduced an employee’s punishment pursuant to the 1983 amendment to § 36-26-27(a), the Board has provided an explanation for its decision to mitigate. See Alabama State Pers. Bd. v. Hardeman, 893 So.2d 1173, 1175 (Ala.Civ.App.2004) (noting that the Board’s order stated that “ ‘[t]he [Personnel] Board has searched the record for mitigation and finds ... that mitigation is appropriate in this ease. [The employee] was called into a supervisor’s office and informed, for the first time, that he was attending his pre-dismissal conference. Though any due process problem was potentially cured by the de novo hearing before the ... Personnel Board’s [ALJ], this lack of advance notice could have placed [the employee] at a disadvantage’ ”); State Dep’t of Conservation & Natural Res. v. State Pers. Bd., 637 So.2d 894, 896 (Ala.Civ.App.1994) (not *390 ing that “the Board’s order ... states that, although it adopted the hearing officer’s findings and conclusions, mitigating circumstances exist, such as the lack of progressive discipline and [the employee’s] employment record, to support the imposition of a lesser punishment”); and Alabama Dep’t of Mental Health & Mental Retardation v. Kirby, 579 So.2d 675, 678 (Ala.Civ.App.1991) (noting that the Board’s order stated that the employee’s “termination was mitigated largely by the Board’s finding of ‘no past disciplinary infractions concerning the care of patients’ ”).
The main opinion relies on the second sentence of § 41~22-20(k) as authority for remanding this cause to give the Board an opportunity to provide a post hoc justification for its mitigation decision. That sentence declares that “[tjhe court may ... remand the case to the agency for taking additional testimony and evidence or for further proceedings.” (Emphasis added.) I believe that “the court” refers to the circuit court — not this court. Section 41-22-20 governs judicial review in the circuit couH. See § 41-22-20(b) (stating that “[a]ll proceedings for review may be instituted by filing a notice of appeal.... either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters”); § 41-22-20(c) (stating that “[i]f the circuit court shall fail or refuse to grant supersedeas or stay [of the agency decision], the party seeking such relief may petition the appropriate court to which the appeal or review lies to order a supersedeas or stay of the action or order of the agency from which review is sought”); and § 41-22-20(d) (stating that “[t]he petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review”). See also § 41-22-21 (governing the “[ajppeal [to the Court of Civil Appeals] of [a] final judgment of [the] circuit court under Section 42-22-20”).
I also believe that the “remand” referenced in the second sentence of § 41-22-20 indicates the procedure outlined in subsection (i) of § 41-22-20, which provides:
“In proceedings for judicial review of agency action in a contested case, except where appeal or judicial review is by a trial de novo, a reviewing court shall not itself hear or accept any further evidence with respect to those issues of fact whose determination was entrusted by law to the agency in that contested case proceeding; provided, however, that evidence may be introduced in the reviewing court as to fraud or misconduct of some person engaged in the administration of the agency or procedural irregularities before the agency not shown in the record and the affecting order, ruling, or award from which review is sought, and proof thereon may be taken in the reviewing court. If, before the date set for hearing a petition for judicial review of agency action in a contested case, it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may remand to the agency and order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modification, new findings, or decision with the reviewing court and mail copies of the new findings, or decision to all parties.”
Subsection (i) authorizes a circuit court, in certain limited circumstances, to remand a cause to an agency to receive additional evidence or to conduct other proceedings. *391 See Alabama Dep’t of Mental Health & Mental Retardation v. Kirby, 579 So.2d at 678 (noting that, in order to remand for the taking of new evidence, the circuit court must be presented with a remand request before the date set for the circuit court hearing, the “new evidence” must be material, and the requesting party must establish “good reasons” for failure to present it in the contested case proceeding before the agency). Neither subsection (i) nor subsection (k) of § 41-22-20 authorizes this court to remand the cause for the taking of “new evidence” or for “further proceedings.”
Although this court looks to the § 41-22-20(k)(l)-(7) factors to determine whether the circuit court erred in its judgment on review of an agency action, see, e.g., State Dep’t of Pub. Safety v. Sexton, 748 So.2d 200, 215 (Ala.Civ.App.1998), we do not have all the powers that the legislature has given the circuit court on original review of an agency action. See § 41-22-21, Ala.Code 1975 (Commentary) (stating that “it is now made explicitly clear that original review comes in the circuit court and not in the Court of Civil Appeals”).
Because I believe this court has no authority to remand the cause to the circuit court with instructions for that court to remand the cause to the Board to explain the reasons it mitigated Pollard’s punishment, I dissent from the instructions on remand.

. The record indicates that DYS filed an application for rehearing with the Board, arguing that the Board’s decision to reinstate Pollard was arbitrary and capricious in light of its adoption of the administrative law judge’s findings of fact and conclusions of law. In response to that application, the Board stated: "To clarify the prior ruling of the State Personnel Board: This Board found that even if the allegations were true, the termination was too harsh a punishment and that mitigation was proper.”

. Act No. 83-673 provides:
"Upon a majority vote of the board, the board may impose a punishment other than termination including but not limited to a reinstatement with forfeiture of back wages and benefits between the date of termination and the date of the board's order reinstating the employee, or a suspension up to and including 30 days.”