PER CURIAM.
This case concerns whether the Montgomery Circuit Court, sitting in its appellate capacity, had the authority to remand a case to an agency for further evidentiary proceedings. We conclude that the circuit court lacked such authority, and we issue a writ of mandamus directing the circuit court to vacate its remand order.

Factual Background and Procedural History

Affinity Hospital, LLC, d/b/a Trinity Medical Center of Birmingham (“Trinity”), owns and operates a hospital located on Montclair Road in Birmingham (“the Montclair campus”). In November 2006, Trinity applied to the State Health Planning and Development Agency (“SHPDA”) for a certificate of need (“CON”) to relocate its hospital from the Montclair campus to a nearby location in the City of Irondale. See § 22-21-265, Ala.Code 1975 (requiring a CON for new institutional health-service facilities). Brookwood Health Services, Inc., d/b/a Brookwood Medical Center (“Brookwood”), intervened in opposition to Trinity’s CON application, and a contested-case hearing was held. Brookwood owns and operates a hospital located in the City of Homewood, in the Birmingham area. In June 2008, SHPDA’s Certificate of Need Review Board (“the CONRB”) issued Trinity a CON (“the Irondale CON”) permitting it to move its hospital from the Montclair campus to Irondale.
Trinity, however, did not relocate its hospital to Irondale. In September 2008, Trinity filed a letter of intent with SHPDA indicating its intention to move its hospital from the Montclair campus into a vacant digital-hospital facility located on Highway 280 in Birmingham (“the Highway 280 site”). In December 2008, Trinity applied for a CON to relocate to the Highway 280 site, and Trinity voluntarily surrendered *1036 the Irondale CON. Brookwood and St. Vincent’s Health System (“St. Vincent’s”) intervened in opposition to Trinity’s new CON application and requested a contested-case hearing. St. Vincent’s owns and operates a hospital located in Birmingham.
SHPDA appointed an administrative law judge (“the ALJ”) to hear the contested-case hearing. Disputes arose among the parties concerning discovery, and Brook-wood and St. Vincent’s filed motions with the ALJ seeking to compel Trinity to produce certain information. In an order addressing various discovery motions, the ALJ ruled that evidence relating to “the timing of, and reasons for, [Trinity’s] decision(s) to surrender [the Irondale CON] and to pursue the present [CON for the Highway 280 site] appear to be discoverable....” After extensive discovery was conducted, the ALJ held a contested-case hearing over several days between September 2009 and November 2009. At that hearing, evidence was submitted indicating that Trinity was exploring the possibility of moving to the Highway 280 site even as Trinity sought the Irondale CON. That evidence, however, did not prevent the ALJ from recommending, in August 2010, that Trinity be granted a CON to move its hospital to the Highway 280 site. In September 2010, the CONRB voted to adopt the ALJ’s recommendation, and the CONRB issued Trinity a CON to relocate its hospital to the Highway 280 site.
After Trinity had abandoned its plan to move to Irondale, Irondale sued Trinity.[1] In October 2010, shortly after Trinity had obtained a CON to move to the Highway 280 site, St. Vincent’s obtained a copy of certain deposition testimony taken in Iron-dale’s action against Trinity. That deposition testimony referenced certain documents regarding Trinity’s decision to seek relocation to the Highway 280 site instead of relocating to the Irondale site. Those documents referenced in the deposition testimony were not produced by Trinity during discovery in the contested case before the ALJ in the present case. On October 15, 2010, St. Vincent’s and Brook-wood filed applications for reconsideration asking the CONRB to reconsider the issuance of the CON that it had issued to Trinity the previous month. In their applications, St. Vincent’s and Brookwood asserted, among other things, that Trinity had violated the ALJ’s discovery order by not producing some documents concerning Trinity’s decision to seek a move to the Highway 280 site instead of the Irondale site.
On the night of October 17, 2010, Trinity produced to St. Vincent’s and Brookwood 16 documents (“the 16 documents”) regarding Trinity’s decision to seek a move to the Highway 280 site instead of moving to Irondale. The 16 documents indicate that Trinity was considering a potential move to the Highway 280 site during the period that Trinity was seeking the Iron-dale CON. On October 20, 2010, three days after the 16 documents were produced, the CONRB held a hearing to consider the applications for reconsideration filed by Brookwood and St. Vincent’s. At the hearing, the 16 documents were before the CONRB. St. Vincent’s and Brookwood argued that a new hearing should be held before the ALJ based on the recent discovery of the 16 documents. Trinity, however, argued that the 16 documents were merely cumulative to the evidence that had been presented to the ALJ and that the ALJ should not hold another hearing. The CONRB denied the applications for reconsideration.
*1037 Brookwood and St. Vincent’s appealed to the circuit court, pursuant to § 41-22-20, Ala.Code 1975, a part of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Aa.Code 1975. Before the circuit court, Brookwood also alleged these new “claims”: (1) a claim seeking a judgment declaring the CON to be invalid; (2) a claim alleging a violation of § 41-22-20(i), Ala.Code 1975, a part of the AAPA; and (B) a claim alleging a violation of § 22-21-265.2, Ala.Code 1975, a statute reiterating the legislature’s intent not “to forgive, ratify, or confirm ... presentation of information known to be false” by applicants for CONs. Trinity filed a motion to dismiss the three new claims or, alternatively, a motion for a judgment on the pleadings with respect to the three new claims; the circuit court did not rule on that motion. Brookwood and St. Vincent’s filed motions seeking to have the case remanded to SHPDA on the basis that the 16 documents were new evidence that required additional evidentiary proceedings before the ALJ.
On March 17, 2011, the circuit court entered an order remanding the case to SHPDA with instructions that SHPDA reassign the case to the ALJ. The circuit court determined that Trinity had failed to comply with the ALJ’s discovery order by not producing the 16 documents during the proceedings before the ALJ. The circuit court also found that “[t]he [16] Documents and additional evidence related thereto are material to the issues in this case, and Brookwood and St. Vincent’s were not able to present this additional evidence in the previous proceedings.” In remanding the case to SHPDA, the circuit court relied on § 41 — 22—20(i) and (k), Ala. Code 1975, provisions of the AAPA that will be discussed below. The circuit court further ordered:
“Brookwood and St. Vincent’s are allowed to conduct additional discovery regarding the [16] Documents and all matters stated or naturally flowing from the [16] Documents....
“At the reconvened Contested Case Hearing, Trinity must make available for cross-examination those individuals who were involved in drafting, in receiving, or in reviewing the [16] Documents or have any knowledge of the matters addressed therein. All parties shall be permitted to call additional witnesses as they may choose to offer testimony regarding the [16] Documents and the matters discussed therein, as well as additional documents obtained by Brookwood and St. Vincent’s during discovery and the matters addressed therein.
“[The] ALJ ... shall preside over the reconvened hearing and accept the testimony and additional evidence into the evidentiary record; and
“... Upon completion of the reconvened hearing, [the] ALJ ... shall issue another Recommended Order in light of the additional evidence presented, then return it to the CON[RB] for consideration de novo with all additional evidence included.”
The circuit court also concluded that, because the case was due to be remanded to SHPDA, the three new claims alleged by Brookwood before the circuit court were not ripe for consideration. Because the proper vehicle for challenging the circuit court’s order was unclear, Trinity filed both a notice of appeal and a petition for a writ of mandamus to this court. This court consolidated the appeal and the mandamus petition, and we heard oral arguments on October 6, 2011.

Discussion

The Appeal — Case Number 21006S0
Initially, we must determine the proper vehicle available to Trinity for chai- *1038 lenging the circuit court’s order remanding the case to SHPDA. To determine whether Trinity had a right to appeal the circuit court’s order, we must determine whether the order is a final judgment. “Ordinarily, only a final judgment will support an appeal. ... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is generally not final.” Stone v. Haley, 812 So.2d 1245, 1246 (Ala.Civ.App.2001). The circuit court’s order is not a final judgment because it did not resolve the three claims that Brookwood filed in the circuit court. The order specifically noted that, because the case was being remanding to SHPDA, the three new claims alleged by Brook-wood were not ripe for consideration. Because the circuit court’s order is not a final judgment, it will not support an appeal. Thus, we dismiss Trinity’s appeal in case number 2100630.
The Petition for a Writ of Mandamus— Case Number 21006H
In addition to filing a notice of appeal, Trinity also challenged the circuit court’s order by filing a petition for a writ of mandamus with this court.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Section 12-3-10, Ala.Code 1975, permits this court jurisdiction over extraordinary writs arising from administrative-law cases over which this court has appellate jurisdiction, such as the present case. See State Health Planning & Dev. Agency of Alabama v. Baptist Med. Ctr., 446 So.2d 619, 621-22 (Ala.Civ.App.1983).
First, Trinity seeks a writ of mandamus directing the circuit court to dismiss Brookwood’s three new claims filed in the circuit court. On February 22, 2011, Trinity filed in the circuit court a motion to dismiss those three new claims or, alternatively, a motion for a judgment on the pleadings with respect to those claims. However, the circuit court never ruled on that motion. On February 23, 2011, the day after Trinity filed its motion, the circuit court held a hearing to determine whether to remand the case to SHPDA in light of the discovery and production of the 16 documents. At that hearing, the circuit court stated that it would not consider Trinity’s motion regarding Brookwood’s three claims at that time, seeking instead to resolve the remand issue first. In its remand order of March 17, 2011, the circuit court indicated that it would not address Brookwood’s claims at that time. Because the circuit court has not yet considered Trinity’s motion regarding Brook-wood’s three claims, we decline to issue a writ of mandamus ordering the circuit court to dismiss those claims. See Ex parte Wilson, 70 So.3d 335 (Ala.Civ.App. 2009) (declining to grant mandamus relief when there was no indication that a hearing officer had refused to perform an imperative duty). We make no determination at this time regarding the validity of Brookwood’s claims. We anticipate that the circuit court will promptly consider Trinity’s motion concerning those claims following the issuance of this opinion.
We now address the heart of the dispute in this case: whether the court circuit had the authority under the AAPA to remand the case to SHPDA for additional eviden-tiary proceedings before the ALJ. In re *1039 manding the case, the circuit court purported to rely on two provisions of the AAPA, § 41-22-20(i) and (k), Ala.Code 1975. We first address § 41-22-20®. That section provides, in its entirety:
“In proceedings for judicial review of agency action in a contested case, except where appeal or judicial review is by a trial de novo, a reviewing court shall not itself hear or accept any further evidence with respect to those issues of fact whose determination was entrusted by law to the agency in that contested case proceeding; provided, however, that evidence may be introduced in the reviewing court as to fraud or misconduct of some person engaged in the administration of the agency or procedural irregularities before the agency not shown in the record and the affecting order, ruling, or award from which review is sought, and proof thereon may be taken in the reviewing court. If, before the date set for hearing a petition for judicial review of agency action in a contested case, it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may remand to the agency and order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modification, new findings, or decision with the reviewing court and mail copies of the new findings, or decision to all parties.”
(Emphasis added.)
Section 41-22-20(i) contemplates a remand order that is interlocutory in nature. See, e.g., Howell v. Harden, 231 Ga. 594, 203 S.E.2d 206 (1974) (stating that a remand under a provision similar to § 41-22-20® is interlocutory). A petition for a writ of mandamus is a proper method for seeking review of an interlocutory order. L.A.C. v. T.S.C., 8 So.3d 322, 323 n. 1 (Ala.Civ.App.2008).
Trinity argues that the circuit court lacked the authority to remand the case for the taking of “additional evidence” under § 41-22-20® because, Trinity says, the 16 documents are not “additional evidence” under that provision. Trinity contends that the 16 documents are not additional evidence under § 41-22-20® because those documents were presented to the CONRB when it considered the applications for reconsideration filed by Brookwood and St. Vincent’s. Conversely, Brookwood and St. Vincent’s argue that this court’s opinion in Alabama Department of Mental Health & Mental Retardation v. Kirby, 579 So.2d 675 (Ala. Civ.App.1991), indicates that the 16 documents are additional evidence under § 41-22-20(i).
In Kirby, the Alabama Department of Mental Health and Mental Retardation (“the Department”) terminated the employment of one of its employees. 579 So.2d at 676. The employee appealed the dismissal to the State Personnel Board (“the Board”), which reinstated the employee based in part on the absence of evidence indicating previous disciplinary action taken against the employee. Id. The Department filed an application for rehearing with the Board, and the Department submitted at that time the employee’s personnel record as “new evidence.” Id. at 677. The employee’s personnel record indicated that he had been disciplined on several occasions. The Board denied the application for rehearing, and the Department appealed to the circuit court. The circuit court affirmed the Board’s de- *1040 cisión to reinstate the employee, and the Department appealed to this court. Id.
Before this court, the Department attempted to rely on the evidence in the employee’s personnel record. 579 So.2d at 678. However, this court concluded that the personnel record, which was first presented to the Board in support of the application for rehearing, was never properly before the Board. This court stated:
“[T]he circuit court may hear and consider only such evidence as was presented to the Board in its contested case proceeding. § 41 — 22—20(i), Code 1975. Here, it appears that the personnel record was not presented to the Board during the contested case proceeding; rather, the Department presented the record as ‘new evidence’ on motion for rehearing pursuant to § 41-22-17, Code 1975.
“According to § 41-22-17, application for rehearing will apply where the Board’s decision is ‘clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.’ The statute does not empower the Board, on motion for reconsideration, to admit new evidence into the ‘whole record.’ However, the circuit court may order the Board to consider such evidence upon the order of the circuit court[, pursuant to § 41-22-20® ].”
Kirby, 579 So.2d at 678.
Section 41-22-17, Ala.Code 1975, the rehearing provision of the AAPA referenced in Kirby, provides, in pertinent part:
“(c) Such application for rehearing will lie only if the final order is:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) In violation of an agency rule;
“(4) Made upon unlawful procedure;
“(5) Affected by other error of law;
“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“(7) Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
Brookwood and St. Vincent’s argue that Kirby indicates that the CONRB could not have considered the 16 documents submitted to it when considering the applications for reconsideration. Therefore, Brook-wood and St. Vincent’s argue that, for the CONRB to properly consider the 16 documents, the circuit court had to remand the case to SHPDA under § 41-22-20®, which it did in this case.
However, we agree with Trinity that Kirby does not control this case. Unlike the situation in Kirby, in this case SHPDA has adopted a rule, Rule 410-1-8-.09, Ala. Admin. Code (SHPDA), providing for the consideration of newly discovered evidence on an application for reconsideration.[2] Subsection (2)(a) of Rule 410-1-8-.09 mirrors the grounds listed in § 41-22-17(c), quoted above, for granting an application for rehearing. However, subsection (2)(b) of that rule provides an additional ground for granting reconsideration not provided in the statute:
“(2) [An] application for reconsideration will lie only
[[Image here]]
“(b) if the party requesting reconsideration presents any significant relevant and material newly discovered information not previously considered by SHPDA which, with reasonable dil *1041 igence, could not have been discovered in time to be presented before SHPDA made its decision.”
Thus, Rule 410-l-8-.09(2)(b) grants the CONRB the authority to consider whether the 16 documents, which it had not previously considered, are “significant relevant and material” evidence sufficient to grant an application for reconsideration. We now consider whether Rule 410 — 1—8—-09(2)(b), by providing an additional ground for reconsideration not found in § 41-22-17(c), conflicts with that statutory provision.
“The provisions of a statute will prevail in any case of a conflict between a statute and an agency regulation. Ex parte State Dep’t of Human Resources, 548 So.2d 176 (Ala.1988). An administrative regulation must be consistent with the statutes under which its promulgation is authorized. Ex parte City of Florence, 417 So.2d 191 (Ala.1982). An administrative agency cannot usurp legislative powers or contravene a statute. Alabama State Milk Control Bd. v. Graham, 250 Ala. 49, 38 So.2d 11 (1947). A regulation cannot subvert or enlarge upon statutory policy. Jefferson County Bd. of Ed. v. Alabama Bd. of Cosmetology, 380 So.2d 913 (Ala.Civ.App.1980).”
Ex parte Jones Mfg. Co., 589 So.2d 208, 210 (Ala.1991).
SHPDA adopted Rule 410-1-8-.09 pursuant to § 22-21-275(12), Ala.Code 1975, which specifically addresses requests for reconsideration of SHPDA decisions. Section 22-21-275(12) provides, in pertinent part, that “SHPDA ... shall prescribe by rules and regulations the procedures for review of applications for [CONs] ... including], but not necessarily ... limited to ... [provision for a public hearing upon written request for the reconsideration of a decision by ... SHPDA .... ” Thus, § 22-21-275(12) grants SHPDA express authority to adopt rules concerning the procedures associated with requests for reconsideration.
Of course, the AAPA provides the general procedural framework in CON cases like the present one. See, e.g., Noland Health Servs. v. State Health Planning & Dev. Agency, 44 So.3d 1074 (Ala.2010). Significantly, the AAPA contemplates that agencies will adopt additional procedures in addition to those provided by the AAPA. Section 41-22-25(a), Ala.Code 1975, a part of the AAPA, provides, in pertinent part:
“Except as expressly provided otherwise by [the AAPA] or by another statute referring to [the AAPA] by name, the rights created and the requirements imposed by [the AAPA] shall be in addition to those created or imposed by every other statute in existence on the date of the passage of [the AAPA] or thereafter enacted.”
However, in the absence of express provisions stating otherwise, additional rights and requirements created by other statutes cannot diminish the rights or requirements established by the AAPA. Section 41-22-25(a) continues:
“If any other statute in existence on the date of the passage of [the AAPA] or thereafter enacted diminishes any right conferred upon a person by [the AAPA] or diminishes any requirement imposed upon an agency by [the AAPA], [the AAPA] shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of [the AAPA].”
According to the Commentary to § 41-22-25, that section “must be read together with section 41-22-2.” Section 41-22-2 provides, in pertinent part: “(a) [The AAPA] is intended to provide a minimum procedural code for the operation of all state agencies when they take action af *1042 fecting the rights and duties of the public. Nothing in this chapter is meant to discourage agencies from adopting procedures conferring additional rights upon the public .... ”
“ ‘Statutes should be construed together so as to harmonize the provisions as far as practical.’ ” Industrial Dev. Bd. of City of Montgomery v. Russell, [Ms. 1091215, August 12, 2011]-So.3d-, - (Ala.2011) (quoting Ex parte Jones Mfg. Co., 589 So.2d at 211). The AAPA generally does not prohibit agencies from establishing additional procedural rights unless they diminish the rights and requirements established by the AAPA. Further, § 22-21-275(12) specifically grants SHPDA the authority to adopt procedural rules regarding applications for reconsideration. Thus, by reading the applicable statutory provisions together, we conclude the legislature has given SHPDA the authority to adopt rules conferring additional procedural rights on the public so long as those rights do not diminish rights or requirements established by the AAPA. SHPDA’s Rule 410-l-8-.09(2)(b) confers the additional procedural right allowing for the CONRB to consider, upon an application for reconsideration, “newly discovered information” that meets certain criteria. We find no conflict between that rule and the AAPA’s rehearing provision, § 41-22-17.[3] Further, our holding in Kirby does not conflict with Rule 410-l-8-.09(2)(b). Thus, the CONRB was free to consider the 16 documents upon the applications for reconsideration filed by Brookwood and St. Vincent’s.
Having concluded that the 16 documents were properly before the CONRB upon the applications for reconsideration, we conclude that those documents are not “additional evidence” under § 41—22—20(i). As noted, that section provides that the circuit court may remand a case to an agency for the taking of material additional evidence if there were good reasons for the failure to present the evidence to the agency in the contested-case proceedings. However, because the CONRB properly had the 16 documents before it upon the applications for reconsideration, the 16 documents are not additional evidence, and the circuit court could not properly rely on § 41-22-20(i) to remand the case to SHPDA. Accordingly, the circuit court erred insofar as it relied on § 41-22-20© to remand the case to SHPDA.
In addition to § 41-22-20®, the circuit court also purported to rely on § 41-22-20(k) in remanding the case to SHPDA. Section 41-22-20(k), in discussing the various options available to a court reviewing agency decisions, provides that “the court may ... remand the case to the agency for taking additional testimony and evidence or for further proceedings.” We conclude that, with respect to the “taking [of] additional testimony and evidence” by an agency, the “remand” referenced in § 41-22-20&) refers to the procedure outlined in § 41-22-20®, discussed above. If we were to read § 41-22-20(k) as giving *1043 the circuit court a broad, general power to remand a case to an agency for the taking of additional evidence, such a reading would render meaningless the requirements found in the more specific remand provision of § 41-22-20®. Section 41-22-20(i) governs remands from a circuit court to an agency for the presentation of additional evidence, and § 41-22-20(k) conveys no additional remand authority with respect to the presentation of further evidence. Thus, because the circuit court did not have the authority to remand under § 41-22-20®, the circuit court erred in remanding the case.[4]
Accordingly, we conclude that Trinity is entitled to a writ of mandamus vacating the circuit court’s remand order. We recognize that, absent a writ of mandamus, Trinity would ultimately be able to appeal the circuit court’s remand decision following the eventual resolution of all matters in this case. However, Trinity should not be subjected to additional evidentiary proceedings before SHPDA when the law prohibits such proceedings, as we have determined today. An appeal following such proceedings, which could conceivably alter an agency’s decision, may not provide adequate relief. Cf. Ex parte Rush, 419 So.2d 1388 (Ala.1982) (stating that mandamus is proper to enforce a statutory or constitutional right to a jury trial).

Conclusion

The circuit court lacked the authority to remand the case to SHPDA for additional evidentiary proceedings. Because the circuit court’s remand order is an interlocutory order that will not support an appeal, we dismiss Trinity’s appeal from that order. We grant Trinity’s petition for a writ of mandamus and issue the writ directing the circuit court to vacate its order of March 17, 2011, remanding the case to SHPDA. Finding no indication of undue delay by the circuit court, we decline Trinity’s request to impose time limits on future proceedings before the circuit court.
2100614 — PETITION GRANTED; WRIT ISSUED.
2100630 — APPEAL DISMISSED.
BRYAN, THOMAS, and MOORE, JJ„ concur.
THOMPSON, P.J., and PITTMAN, J., concur in the result, without writings.

. In Irondale’s action against Trinity, Trinity was represented by different attorneys from the attorneys representing it in the present case.

. Section 41-22-17 uses the term "rehearing” while Rule 410-1-8-.09 uses the term "reconsideration.” In this opinion, we treat those two terms as being synonymous.

. In order for the CONRB to ultimately change its decision regarding the issuance of a CON due to newly discovered evidence under subsection (2)(b) of Rule 410-1-8-.09, the CONRB would have to rely on one of the factors listed in subsection 2(a), which are the same as those listed in § 41-22-17(c). Thus, subsection (2)(b) of the rule should be read in conjunction with subsection (2)(a) and § 41-22-17(c). In essence, subsection 2(b) merely gives the CONRB an opportunity to evaluate whether its decision should ultimately be changed pursuant to one of the reasons listed in subsection 2(a) and § 41-22-17(c) in light of newly discovered evidence. By denying the applications for reconsideration in this case, the CONRB implicitly determined that the 16 documents were not "significant relevant and material” information that would change its decision to grant Trinity the CON.

. We note that, in some situations, § 41-22-20(k) may be relied on by a reviewing court to remand a case to an agency to address matters that do not concern the taking of additional evidence. See, e.g., Alabama Dep't of Youth Servs. v. State Pers. Bd.., 7 So.3d 380 (Ala.Civ.App.2008) (indicating that a case may be remanded to agency to explain ambiguities on the face of the agency’s decision).