PITTMAN, Judge.
This appeal and this petition for a writ of mandamus arise out of a dispute that *822 has engendered more than 10 years of litigation between the Alabama Department of Revenue (“the Department”) and Kimberly-Clark Corporation (“KC”) and its subsidiary, Kimberly-Clark Worldwide, Inc. (“KCW”). The dispute— whether the gain derived from the sale by KC of a pulp-and-paper-manufacturing facility in Alabama known as the Coosa Mill and the sale by KCW of 375,000 acres of adjacent timberland known as the Coosa Timberlands should be classified as “business income” or “nonbusiness income” for purposes of Alabama corporate income taxation — was finally resolved by our supreme court when it determined, in Ex parte Alabama Department of Revenue, 69 So.3d 144 (Ala.2010), that the gain on the sales of the Coosa properties was nonbusiness income.
In case no. 2100811, KC and KCW appeal from an April 14, 2011, ruling of the Montgomery Circuit Court denying their motion to remand the matter to an administrative law judge (“AL J”) in the Department’s Administrative Law Division for a ruling on constitutional issues that, KC and KCW say, were left unresolved by the decision in Ex parte Alabama Department of Revenue, supra. In case no. 2100803, KC and KCW petition for a writ of mandamus directing the circuit court to vacate its April 14, 2011, ruling and to remand the matter to the ALJ. We have consolidated the appeal and the petition for the writ of mandamus for the purpose of writing one opinion

Facts and Procedural History

KC and KCW (hereinafter collectively referred to as “the taxpayers”) are Delaware corporations commercially domiciled in Texas. They are part of a multistate, multinational business enterprise that does business and pays taxes in many jurisdictions, including Alabama. After the taxpayers sold the Coosa properties, they reported on their Alabama corporate-income-tax returns the gains derived from the sales as “business income” pursuant to Ala.Code 1975, § 40-27-1, Art. IV, ¶¶ 1(a) and 9, which are part of Alabama’s version of the Multistate Tax Compact (“MTC”). Article IV, ¶ 1(a), defines “business income” as
“income arising from transactions and activity in the regular course of the taxpayer’s trade or business and includes income from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer’s regular trade or business operations.”
Article IV, ¶ 9, requires that business income earned by a corporation that is operating in more than one state be apportioned among all the states in which the corporation does business.
“Alabama has adopted the Multistate Tax Compact (‘MTC’), see Ala.Code 1975, § 40-27-1, which was intended to create a uniform system by which states can accurately identify and fairly apportion taxes with respect to income attributable to multiple states. The tax attributable to each state is based on the allocation and apportionment rules established in 1957 by the Uniform Division of Income for Tax Purposes Act (‘UDITPA’). Ex parte Uniroyal Tire Co., 779 So.2d 227, 230 (Ala.2000). Under the MTC and UDITPA, income is divided into business income and non-business income. A multistate corporation’s business income is apportioned among the states in which the corporation operates, generally in accordance with an equally weighted three-factor formula encompassing sales, payroll, and property. Ala.Code 1975, § 40-27-1, art. IV, ¶ 9. Nonbusiness income, however, is wholly allocated to a single state: although, in certain instances, such in *823 come [e.g., the sale of intangible personal property] is allocated to the corporation’s ‘state of commercial domicile,’ the income from the sale of real property is allocated to the state in which the property is located. Ala.Code 1975, § 40-27-1, art. IV, ¶¶ 5-8.”
Kimberly-Clark Corp. v. Alabama Dep’t of Revenue, 69 So.3d 135, 139 (Ala.Civ.App. 2008), reversed on other grounds, Ex parte Alabama Dep’t of Revenue, supra. See generally Larry D. Scheafer, Annot., Construction and Application of Uniform Division of Income for Tax Purposes Act, 8 A.L.R.4th 934 (1981).
In 2001, the Department classified the gain on the sales as “nonbusiness income” and allocated all the income to Alabama pursuant to Ala.Code 1975, § 40-27-1, art. IV, ¶ 6(a). Article IV, ¶ 6(a), provides that “[c]apital gains and losses from sales of real property located in this state are allo-cable to this state.” The Department entered a final assessment of $21 million of corporate income tax against the taxpayers.
The taxpayers sought review of the assessment by the Department’s Administrative Law Division, arguing three issues: (a) that the gain on the sales of the real property located in Alabama was business income pursuant to the applicable Alabama statute; (b) that the taxpayers are conducting an integrated business enterprise, taxation of which is subject to apportionment under the “unitary-business” principle; [1] and (c) that, for apportionment purposes, the income derived from the sales at issue should be excluded from the Ala-' bama “sales factor” under Regulation 810-27-l-4-.18(3)(a), Ala. Admin. Code (Dep’t of Revenue). The Department’s ALJ determined that the income should be classified as business income but that it should not be excluded from the Alabama sales factor. The ALJ did not expressly address the taxpayers’ argument concerning the unitary-business principle.
The Department appealed from the ALJ’s ruling to the Montgomery Circuit Court, pursuant to Ala.Code 1975, § 40-2A-9(g)(2). The taxpayers cross-appealed from the ALJ’s ruling regarding nonexclusion from the Alabama sales factor. Section 40-2A-9(g)(2) provides:
“The appeal to circuit court from an order issued by the administrative law judge shall be a trial de novo, provided the order of the administrative law judge shall be presumed prima facie correct and the burden shall be upon the appealing party to show otherwise. The court shall hear the case in accordance with its own rules and shall decide all questions of fact and law. The administrative record and transcript shall be transmitted to the reviewing court as provided herein, and shall be admitted into evidence in the trial de novo, subject to the rights of either party to assign errors, objections, or motions to exclude calling attention to any testimony or any evidence in the administrative record or transcript which is deemed objectionable or inadmissible. Notwithstanding the foregoing, with the consent of all parties, judicial review may be on *824 the administrative record and transcript. The court, upon request, shall hear oral argument and receive written briefs.”
The circuit court received no testimonial evidence. It decided the case on the briefs and arguments of counsel and the record of the hearing before the ALJ. The circuit court reversed the ALJ’s decision, concluding that the gain on the sales of the Coosa properties should be classified as nonbusiness income and allocated solely to Alabama.
The taxpayers appealed to this court. In 2008, we reversed the circuit court’s judgment and held that the income should be classified as business income. Kimberly-Clark Corp. v. Alabama Dep’t of Revenue, supra. The Supreme Court of Alabama granted the Department’s petition for certiorari review of our decision and reversed it, holding that the income from the sales of the Coosa properties was non-business income. On February 26, 2010, the supreme court remanded the case “for the reinstatement of the order of the circuit court upholding the Department’s final assessments against [the taxpayers].” Ex parte Alabama Dep’t of Revenue, 69 So.3d at 154.
The taxpayers applied for a rehearing, arguing that the supreme court's decision had “resulted] in an extraordinarily unfair and unconstitutional double taxation of the taxpayers’ income by Alabama” and requesting the supreme court to “remand the case for further consideration and possible amelioration of the double taxation now imposed on the taxpayers.” The taxpayers’ amicus curiae, the Council on State Taxation, filed a brief in support of the application for rehearing, arguing that the supreme court’s opinion had “[f]ail[ed] to consider the constitutional restrictions that limit Alabama’s ability to tax the entire gain from the transactions” and citing several decisions by the United States Supreme Court standing for the proposition that the business income of a unitary business must be apportioned among all the states in which it conducts business. The Department filed a brief in opposition to the application for a rehearing, arguing that well-established rules of appellate procedure precluded consideration of an argument advanced for the first time on rehearing. The supreme court overruled the taxpayers’ application for a rehearing on September 17, 2010, declining to extend its opinion to expressly address the double-taxation argument or to remand the case for further consideration of that argument.
On September 24, 2010, the taxpayers filed a motion in the circuit court before this court had acted on the supreme court’s mandate, to remand the case to the ALJ “for a resolution of the taxpayers’ remaining and yet — unresolved argument raised before the [ALJ] concerning whether the Department’s tax assessment violates certain constitutional principles.... specifically, that, under United States Supreme Court precedent, the taxpayers were conducting a ‘unitary business’ and thus that the income at issue was appor-tionable.” The circuit court denied the motion on December 8, 2010, correctly concluding that it had no jurisdiction to act because the case remained pending before this court on remand from the supreme court. On December 30, 2010, the taxpayers filed a motion with the ALJ, requesting that he rule on their constitutional arguments. The ALJ denied that motion, concluding that he, like the circuit court, had no jurisdiction because the case was pending on remand to this court.
On March 18, 2011, this court, in compliance with the supreme court’s decision in Ex parte Alabama Department of Revenue, supra, “affirm[ed] the judgment of the Montgomery Circuit Court reversing *825 the decision of the [ALJ] and upholding the [Department’s] final assessments.” Kimberly-Clark Corp. v. Alabama Dep’t of Revenue, 69 So.3d 155, 156 (Ala.Civ.App. 2011). This court’s certificate of judgment was issued on April 6, 2011. On the same day, the taxpayers filed in the circuit court a renewed motion to remand the case to the ALJ for resolution of their constitutional arguments. The circuit court denied that motion on April 14, 2011. The taxpayers filed both a notice of appeal and a petition for a writ of mandamus to this court challenging that decision. This court, ex mero motu, consolidated the appeal and the mandamus petition because they both sought review of the same ruling denying the taxpayers’ motion to remand to the ALJ.

Discussion

As a threshold matter, we must determine whether this case is properly before us by way of a petition for a writ of mandamus or an appeal. After the circuit court denied the taxpayers’ motion to remand to the ALJ on April 14, 2011, nothing further remained for the circuit court to adjudicate. Thus, the circuit court’s April 14, 2011, ruling was a final judgment that supports an appeal. See Price v. Clayton, 18 So.3d 370, 374 (Ala.Civ.App. 2008). Compare Ex parte Affinity Hosp., LLC, 85 So.3d 1033 (Ala.Civ.App.2011) (holding that the circuit court’s order remanding action to the ALJ for an eviden-tiary hearing was not a final judgment that would support an appeal because three claims remained pending in the circuit court and the circuit court specifically noted that those claims were not yet ripe for consideration).
“ ‘It is well established in Alabama that a writ of mandamus, which is a drastic and extraordinary remedy, will not issue when there is an adequate remedy by appeal, and that the writ cannot be used as a substitute for appellate review.’ ” Ex parte Weaver, 781 So.2d 944, 949 (Ala. 2000) (quoting Ex parte Fowler, 574 So.2d 745, 747 (Ala.1990)). Accordingly, we deny the taxpayers’ petition for a writ of mandamus in case no. 2100803.
In Ex parte Alabama Department of Revenue, supra, the supreme court reversed this court’s judgment in Kimberly-Clark Corp. v. Alabama Department of Revenue, supra, and remanded the cause “for the reinstatement of the order of the circuit court upholding the Department’s final assessments against [the taxpayers].” 69 So.3d at 154. When an appellate court directs that a specific judgment be entered on remand, the lower court must strictly comply with that mandate. In Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983), our supreme court stated:
“ ‘It is the duty of the [lower] court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered.... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate....’”
Id. at 155 (quoting 5 Am.Jur.2d Appeal & Error § 991 (1962)). The court continued:
“ ‘ “Where a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior.... Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no pow *826 er to do anything but obey, otherwise, litigation would never be ended.”
Id. (quoting Kinney v. White, 215 Ala. 247, 248-49,110 So. 394, 394 (1926)).
In this case, the circuit court’s order upholding the Department’s final assessments against the taxpayers was ordered by the supreme court to be “reinstate[d].” That direction neither expressly nor impliedly permitted any further substantive proceedings in the case, much less allowed the circuit court to remand the action to the ALJ to consider any issues. On the contrary, if the circuit court had granted the taxpayers’ motion to remand, the Department would have been entitled to mandamus relief. See Ex parte Queen, 959 So.2d 620, 621 (Ala.2006) (stating that “[a] petition for a writ of mandamus is the proper method by which to bring before an appellate court the question whether the [lower] court, on remand, has complied with the appellate court’s mandate”).
Although it is true that a “trial court has the discretion to consider new issues on remand if the appellate court’s opinion did not constitute or require a final adjudication of the case,” Ex parte Insurance Co. of North America, 523 So.2d 1064, 1069 (Ala.1988), and that, “where the supreme court gives no precise directions as to how a cause is to proceed as to a certain matter on remand, the lower court may proceed in any manner that is not inconsistent with the supreme court’s opinion,” Durbin v. Durbin, 818 So.2d 409, 411 (Ala.Civ.App.2001), those principles have no application here. The judgment in Ex parte Alabama Department of Revenue, supra, did constitute a final adjudication of the case, and it did give precise directions as to which judgment would be in effect.
Moreover, a remand to the ALJ for consideration of the taxpayers’ constitutional arguments would have been inconsistent with the supreme court’s opinion and would have violated the law-of-the-case doctrine. “The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.” Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001) (citing Murphree v. Murphree, 600 So.2d 301 (Ala.Civ.App.1992)). The supreme court’s holding that the gain on the sales of the Coosa properties should be classified as nonbusiness income foreclosed any argument by the taxpayers that the income at issue was apportionable.
The requirement that the business income of a unitary business be apportioned among all the jurisdictions in which it does business is rooted in the Commerce Clause and the Due Process Clause of the United States Constitution. See MeadWestvaco Corp. v. Illinois Dep’t of Revenue, 553 U.S. 16, 24-25, 128 S.Ct. 1498, 170 L.Ed.2d 404 (2008). “The Commerce Clause forbids the States to levy taxes that discriminate against interstate commerce or that burden it by subjecting activities to multiple or unfairly apportioned taxation.” Id. at 24. Consequently, “[u]nder UDITPA [the Uniform Division of Income for Tax Purposes Act] and similar statutes, all business income [of a unitary business] is apportioned and all non-business income is allocated.” I Jerome R. Hellerstein and Walter Hellerstein, State Taxation ¶ 9.05 (3d ed.1998). In Container Corp. of America v. Franchise Tax Board, 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983), the Supreme Court of the United States explained:
“[T]he [Uniform Division of Income for Tax Purposes Act] distinguishes between the ‘business income’ of a multi- *827 jurisdictional enterprise, which is apportioned by formula, and its ‘non-business’ income, which is not.1
Certain forms of non-business income, such as dividends, are allocated on the basis of the taxpayer’s commercial domicile. Other forms of non-business income, such as capital gains on sales of real property, are allocated on the basis of situs.”
Id. at 167 (citations to the California Revenue & Tax Code omitted). Section § 40-27-1, Art. IV, ¶ 9, a part of the MTC that was modeled on the Uniform Division of Income for Tax Purposes Act, provides that “[a]ll business income shall be apportioned to this state by multiplying the income by a fraction....” (Emphasis added.) There is, however, no constitutional requirement that nonbusiness income be apportioned. That is so because such income, by definition, has not been generated by a taxpayer’s doing business in interstate commerce. Accordingly, § 40-27-1, art. IV, ¶ 6(a), part of Alabama’s version of the MTC, requires that the income at issue in this case be allocated to Alabama.
When our supreme court determined in Ex parte Alabama Department of Revenue that the taxpayers had derived nonbusiness income from the sales of the Coosa properties, the taxpayers’ constitutional arguments based on the unitary-business principle requiring the apportionment of business income became moot.

Conclusion

The circuit court correctly denied the taxpayers’ motion to remand the action to the ALJ for resolution of constitutional issues concerning apportionment because a remand would have been contrary to the supreme court’s mandate in Ex parte Alabama Department of Revenue, supra, and would have violated the law-of-the-case doctrine. The circuit court’s order of April 14, 2011, is affirmed.
2100803 — PETITION DENIED.
2100811 — AFFIRMED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The unitary-business principle is used to determine the portion of a corporate taxpayer's total income that is attributable to a particular state. " 'A unitary business is generally defined as two or more business entities that are commonly owned and integrated in a way that transfers value among the affiliated entities.’ ” Apple, Inc. v. Franchise Tax Bd., 199 Cal.App.4th 1, 9, 132 Cal.Rptr.3d 401, 407 (2011) (quoting Citicorp North America, Inc. v. Franchise Tax Bd. 83 Cal.App.4th 1403, 1411 n. 5, 100 Cal.Rptr.2d 509, 517 n. 5 (2000)). See generally Container Corporation of America v. Franchise Tax Bd., 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983).